231 So.2d 854 (1970)
COASTAL BAY GOLF CLUB, INC., a Florida Corporation, Appellant,
v.
Margaret D. HOLBEIN, a Free Dealer, James E. Yonge, Individually and As Trustee, Philip D. Yonge, Individually and As Trustee, William H. Watson and Thomas H. Anderson, As Executors of the Will of P.L. Watson, Deceased, and Samuel Adler, As Trustee, Appellees.
No. 69-556.
District Court of Appeal of Florida, Third District.
February 17, 1970.
Rehearing Denied March 10, 1970.
*855 Horton & Schwartz, Miami, Abrams, Anton, Robbins, Resnick & Burke, Hollywood, for appellant.
Scruby & Yonge, Orange Park, Shutts & Bowen and Thomas H. Anderson, Miami, Meyer, Weiss, Rose & Arkin, Miami Beach, Sam Daniels, Miami, for appellees.
Before PEARSON, C.J., and CHARLES CARROLL and SWANN, JJ.
PEARSON, Chief Judge.
The appellant, Coastal Bay Golf Club, Inc., was one of two defendants in an action for declaratory judgment. The other defendant, Samuel Adler, as trustee, appears here as an appellee. The action was brought by appellees Margaret D. Holbein, James E. Yonge, individually and as trustee, Philip D. Yonge, individually and as trustee, William H. Watson and Thomas H. Anderson, as executors of the will of P.L. Watson. The plaintiff-appellees were the owners of a parcel of real property which was leased to the defendant-appellant, Coastal Bay. The lease provided for a right of first refusal to the appellant-lessee upon a sale of the real property. The defendant-appellee Samuel Adler, as trustee, was the prospective purchaser of the leased real property his offer led to the institution of a declaratory action by the plaintiff-appellees.
The declaratory action presented to the trial court the question whether Coastal Bay had complied with the first refusal provisions of the lease so as to entitle it to *856 purchase the property. The trial judge, after taking testimony upon the complaint, the answers, and a counterclaim of Coastal Bay entered a declaratory judgment which ruled that Coastal Bay's attempt to exercise its right of first refusal was ineffective.
The declaratory judgment fully sets forth the circumstances and contains the following findings:
"3. On February 1, 1965, a portion of the aforesaid premises were leased to Coastal Bay Golf Club, Inc., the said lease containing in Paragraph 16 a provision entitled `First Refusal': which reads as follows:
`In the event that the Owner shall hereafter receive from any person, firm or corporation a bona fide offer to purchase or lease any part or all of the real property described in Schedule `B' hereof, then and in such event Owner shall notify Tenant of such offer and the terms thereof and Owner shall grant to said Tenant 10 days to match said offer before Owner shall accept said offer. If Tenant does not accept this offer of first refusal within the time allowed herein, then such offer of first refusal shall terminate and Owner shall be free to accept the original offer. If tenant elects to accept the offer of first refusal, the transaction shall be closed in accordance with the terms of the original offer.'
"4. The lease also provided in Paragraph 19, entitled `Assignability' that `this lease shall not be assignable without the express prior written consent of the Owner which consent the Owner may withhold without reason or justification.'
"5. On September 8, 1968, plaintiffs entered into an agreement entitled `Contract of Sale' with Samuel Adler, by which they agreed, subject to the right of first refusal, as set forth in said lease in favor of Coastal Bay Golf, Inc., to sell the aforesaid property to the said Samuel Adler, as Trustee for some $2,200,000.00, as more fully appears from a true copy thereof attached to the complaint marked Exhibit 2. Said purchase price was payable $200,000.00 at the time of the closing and the balance of $2,000,000.00 represented by a note or notes in that amount, bearing interest at the rate of 7% per annum on the unpaid balance and payable $600,000.00 six months after the date of closing; $700,000.00 two years after the closing and $700,000.00 three years after the date of closing. The contract also provided for the payment of a commission to the broker involved in the transaction of $200,000.00.
"6. In accordance with the terms of said lease, the plaintiffs gave notice to the defendant, Coastal Bay Golf Club, Inc., of the receipt of said offer, Exhibit 2 to the said complaint, and thereupon the said defendant pretended to exercise its rights of first refusal by delivering to the plaintiffs a document entitled `Contract of Sale,' a true and correct copy of which was attached to the original complaint, marked Exhibit 4. Said contract provided for the total purchase price for the aforesaid property of the sum of $2,000,000.00 payable $200,000.00 at the closing; $600,000.00 six months after date of closing; $700,000.00 two years after date of closing and $500,000.00 three years after date of closing.
"7. The plaintiffs thereupon informed said defendant, through their counsel on October 9, 1968, that both the plaintiffs and Samuel Adler, as Trustee, denied that the right of first refusal had been properly exercised and that the plaintiffs proposed to file a suit for declaratory judgment for a determination of their rights thereto."
The trial judge also found that the offer submitted by Coastal Bay did not match *857 the offer made by Adler because of the following circumstances:
"i. The purchase price of the two contracts was substantially different;
"ii. There was a substantial difference in the interest that the plaintiffs would receive from the Coastal contract as plaintiffs would receive from the Adler contract. Under the Adler contract plaintiffs would receive 7% interest on $700,000.00 for three years and under the Coastal contract plaintiffs would receive 7% interest on $500,000.00 for three years.
"iii. The option or right of first refusal attempted to be exercised by Coastal Bay Golf Club, Inc. was personal to this defendant. According to the testimony of Curtin Coleman, Esq., of counsel for Coastal Bay Golf Club., Inc. that club's interest in the option or right of first refusal was, in effect, assigned to three individuals who advanced or put up $100,000.00 which said defendant tendered to the plaintiffs at the time of the execution of Coast Bay's attempt to exercise the right of first refusal in constituting the earnest money upon the signing of the agreement. This advance was tendered under some arrangement not particularly disclosed by the testimony by someone who was no connected with or had no interest in Coastal Bay Golf Bay Club, Inc."
On this appeal Coastal Bay argues first that its offer to purchase did in fact match Adler's offer. The substance of this argument is that since Coastal Bay's offer eliminated the need for the payment of a broker's commission, it was in fact equivalent to Adler's offer, even though it provided for a lesser purchase price. In Mathews v. Kingsley, Fla.App. 1958, 100 So.2d 445, the appellate court dealt with the question whether an optionee had met the terms of an option to purchase land:
"In order properly to exercise the option to purchase under an option contract, thus imposing a duty on the vendor to convey the land in accordance with the terms and conditions provided therein, the vendee must strictly comply with the applicable provisions of the contract. Orlando Realty Board Bldg. Corp. v. Hilpert, 1927, 93 Fla. 954, 113 So. 100. It is necessary that the optionee accept the terms of the option unqualifiedly * * *."
A right of first refusal is a right to elect to take specified property at the same price and on the same terms and conditions as those continued in good faith offer by a third person if the owner manifests a willingness to accept the offer. See cases cited at 17 Words and Phrases, "First Refusal". That right is clearly an executory right. It is therefore not an option because an option is an executed contract. C.W. Kistler Co. v. Hotel Martinique, Fla. 1950, 44 So.2d 288, 291, citing 30 Words and Phrases. But when we combine the two concepts we see that a right of first refusal ripens into an option once an owner manifests a willingness to accept a good faith offer. In the present case appellant's right to first refusal has ripened into an option. Therefore the principles stated in Mathews v. Kingsley apply to appellant's attempt to exercise its ripened right of first refusal.
In Hartmann v. Windsor Hotel Co., 132 W. Va. 307, 52 S.E.2d 48 (1949), and Hartman v. Windsor Hotel Co., 136 W. Va. 681, 68 S.E.2d 34 (1951), the Supreme Court of Appeals of West Virginia dealt with a case very similar to the one we have here under review. The court pointed out that the net amount the seller would receive for its hotel property would have been the same amount under either of two offers, but the court reasoned that the monetary returns to a party to an agreement *858 are not to be considered until there is an offer and an unconditional acceptance. In the present instance the question is not determined simply by deciding whether the sellers would be as well off to accept Coastal's offer as they would be to accept the original offer by Adler. The point is that Coastal's offer was a different offer. One who owns property has a right to dispose of that property in any lawful way he chooses. In this case Coastal attempted to say to the sellers that the property must be disposed of in a particular way, i.e., without the payment of a commission and with the acceptance of a smaller cash payment than that proposed in Adler's offer. Since Coastal's offer required a disposition of the property by a different method and under different conditions than Adler's, it was not an unconditional acceptance of the right of first refusal and it did not match Adler's offer. We therefore conclude that the trial judge correctly found that the appellant did not match the Adler offer.
Appellant's attempt to define the term "match" as meaning only "the equivalent of" is not supported by the cases. The term "to match said offer" as used in contracts of purchase is a term of art. One offer to purchase matches another only if the essential terms of the offers are identical. See Mathews v. Kingsley, Fla. App. 1958, 100 So.2d 445; Hartmann v. Windsor Hotel Co., 132 W. Va. 307, 52 S.E.2d 48, syllabus number three (1949). The facts of the present case are even stronger than those of the foregoing cases since here, as indicated by the trial court's finding number ii, under the appellant's offer the appellee would receive $42,000 less in interest payments than under Adler's.
Appellant's second point urges that the evidence is insufficient to support the court's finding that appellant had violated the provision of the lease against assignment. It will be observed that because appellant did not properly exercise the right of first refusal that the second point is moot. Nevertheless, we have examined the record in the light of appellant's argument and without further discussion hold that the evidence does support this conclusion of law of the trial court.
Coastal's third point urges error upon the court's refusal to admit into evidence Coastal's Exhibit A-3 for identification. This exhibit was a proposed agreement by appellant to indemnify the sellers against a claim for the payment of a brokerage commission upon the sale. The evidence did not reveal that the indemnity agreement was accepted by the sellers. The best that can be said for the indemnity agreement was that it was submitted to the counsel for one of the owners when he expressed concern that his client might be subject to a suit for the commission. Under these circumstances we do not think harmful error has been shown by the failure to admit the proposed agreement into evidence. Cf. Maule Ojus Rock Co. v. Lumpkin, 113 Fla. 195, 151 So. 505 (1933).
Coastal's last point urges that the trial judge should have found that the sellers by their actions waived their right to require strict compliance with the terms of the first refusal provision of the lease. It is urged that because counsel for one of the owners called for the indemnification agreement and the indemnification agreement was furnished, Coastal was led to believe it had made a matching offer. We think this argument must fail for two reasons. First, the sellers were in no position to waive the rights of appellee Adler, who had made a good faith offer, and whose offer had been accepted subject to Coastal's right of first refusal. The only way Adler's rights could be affected would be by his own waiver  not by that of the owners. Second, Coastal did not plead the defense of waiver in its answer. Waiver is an affirmative defense that must be pleaded and established by a defendant. Toffel v. Baugher, Fla.App. 1959, 111 So.2d 290. Third, the law does not place a duty upon an optionor to help the optionee make a proper offer to purchase. In Koplin v. *859 Bennett, Fla.App. 1963, 155 So.2d 568, 573, the court pointed out:
"We find no rule of law to the effect that the optionee, by serving on optionor an inadequate notice of election to exercise the option, casts on the optionor any duty to instruct or inform the optionee of the particulars in which the election to exercise the option fails to meet the terms and conditions thereof; nor do we find that under such circumstances the optionor is required to take any affirmative action on the theory that the optionee will amend or correct an inadequate acceptance."
We hold that Coastal has failed to demonstrate reversible error. The judgment of the trial court is affirmed.
Affirmed.