SPECTOR, Judge.
Appellant seeks review of a declaratory judgment in an action filed by it to determine its rights under a contract which its predecessor, Boca Raton Club, Inc., had entered into with the Florida Inland Navigation District [hereinafter FIND] with respect to a parcel of property in Broward County, Florida, known as the Capone tract, through which the Intercoastal Waterway ran.
In its final judgment the court held that appellant’s right in the contract is in the nature of a “right of first refusal” and that the occasion whereunder such right could be exercised had not yet occurred. The court also held that the enactment of Chapter 65-900 and its resultant effect upon the transfer and use of the subject property did not impair appellant’s contractual rights with FIND under the contract nor does the said law or its effect deprive the appellant of its property without due process of law in contravention of the state and federal constitutions, as contended by appellant.
A similar suit for declaratory decree was filed in the United States District Court (Northern District — Tallahassee Division) prior to the filing of this action in the court below. By that action appellant sought the same relief sought here. On May 24, 1972, the trial judge in that action entered an Order of Stay Proceedings which stated, inter alia, “Because there are present unsettled questions of Florida law, disposition of which could obviate further action on the part of this Court, this Court deems this action appropriate for application of the doctrine of abstention”. Thereupon, the court adjudged a stay of proceedings pending state court determination of the constitutional issues involved. The United States District Court also stated in its order that “A major consideration of this Court in staying these proceedings is the question of Florida public policy involving the disposition of public lands. There is little Florida authority in this field and this Court is of the opinion that the Florida courts should initially decide this question.”
FIND is a state agency created by statute to cooperate with the federal government to advance the intracoastal waterway extending from Jacksonville to Miami along that Atlantic Coast. FIND is designated as a special taxing district and is empowered to acquire real property by purchase or eminent domain. It also has power to sell, lease and convey its property as its board may deem proper to carry out *132 the provisions of the act creating it. It is specifically authorized to. acquire by purchase or otherwise “ . . . and shall furnish free of cost, to the United States of America suitable areas for the deposit of dredged material in connection with the work of improving and/or constructing the aforementioned waterway and in connection with the subsequent maintenance thereof”. Chapter 14723, Laws of Florida, 1931, § 7(b),
In 1934, FIND acquired fee simple title to the fifty acre tract which is the subject of this litigation and gave the United States a temporary easement to use the tract as a spoil disposal area for maintenance of the waterway. The tract was so used until 1964 when it became filled to a level where it was no longer suitable as a spoil area and the United States thereupon released the land from its temporary use easement.
On June 27, 1952, FIND and appellant’s predecessor in title entered into a written contract designated as an “option agreement”. Said contract was found by the court below to be supported by consideration moving from appellant’s predecessor to FIND. Said contract granted to the predecessor “an option to purchase all the right, title and interest of FIND in the Capone tract, subject to certain easements including those relating to the spoil areas. The contract contained a condition hereinafter set out under which appellant claims that its right to purchase the Capone tract has ripened, to wit:
“1. When the Board receives a bona fide offer to purchase said property at a price and upon terms satisfactory to it, it shall notify the Club, and the Club shall have the first and exclusive option for 30 days to purchase the property from the Board at the same price and on the same terms offered to the Board.” (Emphasis added.)
In 1964, FIND advised appellant that the tract was no longer needed for public purposes and that it would consider bids for the purchase of the property and that all such bids would be subject to the agreement described above. Bids were received but none were deemed satisfactory by FIND. Accordingly, appellant’s right to purchase by meeting said satisfactory terms did not ripen at that time for the elementary reason that the catalytic event, that is, the receipt of a satisfactory purchase offer, did not occur.
The trial court correctly held that although the agreement was designated as an '“option agreement” or “option to purchase”, by operation of condition number one cited above the agreement was in fact a right of first refusal”, citing Coastal Bay Golf Club, Inc. v. Holbein, 231 So.2d 854, 857 (Fla.App.1970), which stated:
“A right of first refusal is a right to elect to take specified property at the same price and on the same terms and conditions as those contained in good faith offer by a third person if the owner manifests a willingness to accept the offer. That, right is clearly an executory right. It is, therefore, not an option because an option is an executed contract.”
Appellant’s right to meet and match all satisfactory purchase offers was and is dependent upon a manifestation on the part of FIND and its successors, the other ap-pellees here, to deem purchase offers to be satisfactory, and that did not occur. That is what appellant bargained for. Had appellant intended to bargain for an unconditional right or option to purchase the subject land when the land had been certified by the United States Government as no longer suitable for use as a spoil fill area, it could have done so — but it did not. Instead, appellant was content to rely on the expectation that sooner or later FIND would put the land up for sale and rested —and thereby limited — its right to purchase upon the receipt by FIND of a satisfactory offer to purchase by a third party.
*133 In 1965, the legislature enacted Chapter 65-900, Laws of Florida, which provided in material part as follows:
“Section 6. The Florida Inland Navigation District shall convey for recreational purposes without any consideration therefor, the following described property in Broward County to the Trustees of the Internal Improvement Trust Fund for the use and benefit of the outdoor recreational development council . . . [there follows a description of the specific tract involved in the instant litigation.]”
Pursuant to the above enactment, FIND did on August 23, 1966, enter into a “Dedication Agreement” by which it authorized and permitted use of “the Capone tract by the Trustees to be used and developed for outdoor recreation and conservation purposes under supervision of the Outdoor Recreational Planning Committee for a term of 99 years ... . for the sum of One Dollar ($1.00)”. That agreement was expressly made subject to the so-called “option agreement” that FIND had entered into with appellant’s predecessor. The FIND-Trustees agreement of 1966 contained numerous covenants which assured the use of the tract for park and recreational purposes as required by Chapter 65-900.
Appellant contends that Ch. 65-900 is vi-olative of the constitutional prohibition against impairment of contractual rights it held under the “option agreement” or, more accurately, the “right of first refusal agreement”. Additionally, appellant contends that said Chapter 65-900 deprives it of property without due process of law. The trial court rejected appellant’s constiti-tutional claims and we agree. The State of Florida is empowered to regulate the use -of its property, including the property owned by the subdivisions of state government. The right to so regulate the use of its property is, of course, limited by such restrictions and limitations not against public policy which may 'have been imposed at the time the sovereign acquired the property. The enactment of Chapter 65-900 is a manifestation of the power to regulate the use of property owned by the state or its subdivisions.
There is no language in the “option agreement” under which appellant claims which requires the tract in question to be sold. Nor is there language from which it can be inferred that FIND was obliged to accept all or any offers of purchase received by it. It was only upon receipt of offers satisfactory to it that appellant’s right to meet such offer ripened into fruition. As stated above, that event has not occurred. Thus, we hold that the provisions of Chapter 65-900 which mandated the dedication of the tract to recreational uses does not impair any contractual rights held by appellant.
We further hold that the “dedication agreement” between FIND and Trustees for the purposes of facilitating the use of the tract for recreational purposes pursuant to Chapter 65-900 was not a transfer or conveyance within the meaning of the “right of first refusal” provision of the “option agreement” between FIND and appellant’s predecessor which triggered appellant’s right to purchase by meeting a bona fide offer satisfactory to FIND. Rather, the “dedication agreement” or 99-year lease agreement was but an intra-entity transfer of the use of the property. The property was not conveyed out of governmental ownership into private ownership. We know of no prohibition against the transfer of property from one governmental agency to another so that the latter may put it to uses which it is better able to administer.
Appellant’s contention that the trial court was without authority to consider the constitutional claims raised by him in the federal court action are without support in the record. The complaint filed by appellant alleges in Paragraph VII that Section 6 of Chapter 65-900 impairs the obligation of appellant’s contract with FIND and that *134 it deprives appellant of its property without due process of law in contravention of relevant constitutional provisions. Further, in Paragraph VIII of the complaint, appellant asks the court below to declare whether the constitutional claims just recited are valid or not. In the light of those submissions appearing on the face of the complaint filed by appellant, we can only hold that appellant did in fact submit his federal constitutional claims for determination in the state court. It is the well settled rule that if federal claims are submitted for determination in a state court without “ . . . reservation to the disposition of the entire case by the state courts . ” and “informing the state courts that he is exposing his federal claims there only for the purpose of . . . ” enabling the state court to decide the state questions in light of the federal claims the state court has jurisdiction to decide the federal questions. See England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 421, 84 S.Ct. 461, 11 L.Ed.2d 440.
Finally, appellant contends that the “abstention” order entered by the federal court was not so broad as to enable the state court to adjudicate the federal claims and thus the state court “exceeded its sphere of jurisdiction” by deciding the federal claims. We find no language in the Federal District Judge’s order which expressly prohibits the state court from adjudicating federal claims submitted to it without reservation and appellant does not direct our attention to such language. In any event, we tend to agree with the trial court’s determination of this contention when in its order denying petition for rehearing, it stated:
“To whatever extent such adjudications may be followed or rejected by a Federal District Court is a matter for that court’s determination.”
The judgment appealed is affirmed.
WIGGINTON, JOHN T., and CREWS, JOHN J., Associate Judges, concur.