307 So.2d 870 (1975)
CITY NATIONAL BANK OF MIAMI BEACH, a National Banking Corporation, As Trustee, Appellant,
v.
Richard N. LUNDGREN et al., Appellees.
No. 74-550.
District Court of Appeal of Florida, Third District.
February 4, 1975.
Rehearing Denied February 26, 1975.
*871 Lapidus & Hollander, Miami, for appellant.
Colson & Hicks, Sam Daniels, Miami, for appellees.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL, Associate Judge.
The appellant City National Bank of Miami Beach, as trustee, was the plaintiff in the trial court. It appeals from a judgment denying specific performance and dismissing its complaint, in an action brought to compel conveyance of certain real estate by the defendants to the plaintiff bank, upon certain sale terms, based on an agreement between the defendant-owners of the property and the bank granting to the latter a right of first refusal to purchase the property.
The appellees, Lundgren, Nelson and Layne, herein referred to as the sellers, entered into an agreement with the bank giving the latter a right of first refusal to purchase the property, of which they were owners.
The sellers agreed with a broker (herein referred to as Tyler) to pay the latter a reasonable fee for services in finding a purchaser ready, willing and able to purchase the property on terms acceptable to the sellers. The broker performed, by obtaining as a purchaser, the appellee Mel Schuster, as trustee, herein referred to as the purchaser. The terms acceptable to the sellers were payment of a stipulated sum in addition to which the purchaser was to bear the expense necessary to repair a seawall on the property and pay the amount of commission owed by the sellers to Tyler. A contract in accordance therewith was prepared and signed by the purchaser. The sellers, without having signed the contract, transmitted a copy thereof to the bank.[1]
Through its attorney the bank replied, announcing willingness to purchase on the terms expressed in such contract except for payments of commission owing to the broker.[2] The sellers returned a down payment which had been submitted by the bank, and advised the bank that its acceptance *872 "is not in conformity with the provisions of the right of first refusal agreement." Thereafter the sellers closed the sale with the purchaser. The bank then filed this action against the sellers and the purchaser for specific performance.
The sellers were obligated to pay Tyler a reasonable brokerage fee. What that would amount to was a matter readily determinable by custom in the trade. When the contract with the purchaser made the payment of the broker's commission an obligation to be discharged by the purchaser, the broker's commission became a part of the price or consideration to be paid by the purchaser. See Coastal Bay Golf Club, Inc. v. Holbein, Fla.App. 1970, 231 So.2d 854. The bank's refusal to pay the portion of the purchase price represented by the commission owed by the sellers to Tyler was not predicated on any uncertainty as to the amount of the commission, but apparently on the conclusion that such commission would not be payable if the sale was made to the bank on the basis of its right of first refusal. In so concluding the bank was mistaken as a matter of law, because the broker, having performed by procuring the purchaser on the basis required, had earned the commission, obligating the owner to pay the same whether the sale was made to the purchaser, or to the bank on the basis of its right of first refusal; and, as stated above, when the sale contract required the purchaser to pay such commission which was the owners' obligation, the payment thereof became a part of the purchase price.
In those circumstances the trial court correctly decided that the bank's response was not an unconditional acceptance of the purchase contract, in exercise of its right of first refusal. The element of the contract purchase price which the bank announced unwillingness to pay, was not unsubstantial. Coastal Bay Golf Club, Inc. v. Holbein, supra.
The judgment is affirmed.
NOTES
[1] Regarding the broker's commission the sale contract stated: "Sellers represent that they have dealt with no broker or other person entitled to claim a commission except D. Tyler & Associates which representation shall survive the closing. Purchaser agrees, if this transaction is closed, to pay all commissions owing to said D. Tyler & Associates".
[2] The letter from the bank's attorney stated:

"We agree to proceed with closing on the subject property upon the terms and conditions of the deposit receipt, a copy of which you have delivered to us, excepting only provisions concerning brokerage, which do not apply to my client."