458 So.2d 803 (1984)
T.R. ANDERSON, Trustee, and Sargent Management Company, Appellants,
v.
Vincent DRADDY and Peer T. Pedersen, Appellees.
No. 83-2347.
District Court of Appeal of Florida, Fourth District.
October 24, 1984.
Rehearing Denied December 5, 1984.
Elizabeth T. Maass of Alley, Maass, Rogers, Lindsay & Chauncey, Palm Beach, for appellants.
Steven L. Perry of Crary, Buchanan, Bowdish & Bovie, Stuart, for appellees.
DOWNEY, Judge.
Appellants, T.R. Anderson and Sargent Management Company, seek review of a final summary judgment determining the amount to be paid by appellees, Vincent Draddy and Peer T. Pedersen, pursuant to the exercise of a right of first refusal.
The case arose out of the proposed sale of a parcel of property held by First American Bank, as trustee, for appellants and appellees. Appellants' interest in the trust is two-thirds, and appellees' is one-third. The trust instrument provided that:
When a bona fide offer is received and a majority agree to accept said offer, any or all of the minority shall have the right to retain ownership of the property by purchasing the interest of the majority *804 on the same terms and conditions as the offer.
Pursuant to the direction of the majority interest, the trustee, as seller, entered into a proposed contract with a purchaser, Gonzalez Associates, Inc. One paragraph of that contract provided that the purchase price of the property was $4,500,000. Another paragraph provided that the trustee recognized Gonzalez Associates, Inc., and Fenton and Lang, Inc., as the real estate brokers instrumental in the consummation of the sales contract and agreed to pay a real estate commission to the brokers of 5% of the purchase price. The contract also acknowledged the existence of the first refusal provision of the trust agreement. Within the time allowed, Draddy and Pedersen notified the trustee of their election to buy the property upon the same terms and conditions as those contained in the Gonzalez contract. Gonzalez was thereafter notified of the rescission of the sales contract because of the exercise of the first refusal agreement by Draddy and Pedersen. Gonzalez and Fenton and Lang, Inc., then sued the trustee and all the parties to this suit for specific performance of the sales contract and for a brokerage commission. The trustee filed what was labelled a third party complaint against the trust beneficiaries to determine its rights and obligations under the trust agreement. The trial court rendered a final summary judgment determining that Draddy and Pedersen had properly exercised the right of first refusal; that the Gonzalez sales contract had been properly rescinded; and that no commission was owed to the brokers. That judgment was affirmed without opinion. Gonzalez Associates, Inc. v. First National Bank of Palm Beach County, 424 So.2d 776 (Fla. 4th DCA 1983).
Thereafter a dispute arose between Draddy and Pedersen, on the one hand, and Anderson and Sargent, on the other, regarding the amount that was due and payable under the exercise of the right of first refusal. Anderson and Sargent claimed in a motion for summary judgment that they should be paid two-thirds of the Gonzalez purchase price "and the benefit of the failure of the broker to recover its commission should be distributed prorata among the beneficiaries rather than totally to the parties exercising the right of first refusal." In their appellate presentation, Anderson and Sargent claim they were "owed two-thirds of the purchase price, with no commission deduction."
In their motion for summary judgment Draddy and Pedersen claimed they should pay "the same amount which would have been required to be paid under the Gonzalez contract, minus the brokerage commission which the court has already determined need not be paid." They contend that payment of the Gonzalez purchase price less the commission to Anderson and Sargent would give Anderson and Sargent the amount they would have received had the Gonzalez contract been fully executed. In their appellees' brief Draddy and Pedersen contend they owe Anderson and Sargent only two-thirds of the purchase price less two-thirds of the commission. In that way Anderson and Sargent would receive from Draddy and Pedersen exactly what they would have received from Gonzalez after payment of the commission.
The circuit court entered summary judgment for Draddy and Pedersen and found they "shall be required to pay and Third-Party Defendants, T.R. ANDERSON, Trustee, and SARGENT MANAGEMENT COMPANY, shall be entitled to receive only so much as T.R. ANDERSON, Trustee, and SARGENT MANAGEMENT COMPANY, as majority beneficiaries, would have received if the GONZALEZ contract had been approved by the Court and if the real estate broker's commission under that contract had been found to be valid." We interpret the circuit court award to have been $2,850,000. We think the amount of that award was erroneous.
In Coastal Bay Golf Club, Inc. v. Holbein, 231 So.2d 854 (Fla. 3d DCA 1970), the court set forth the following relevant principles of law. First, a right of first refusal ripens into an option and is governed by the law of options when the owner *805 of the property in question manifests a willingness to accept a good faith offer for the purchase of the property. Second, in order for an optionee to exercise his option he must strictly comply with the applicable provisions of his contract with the optionor; the optionee must accept the terms of the contract unqualifiedly.
The option contract in Coastal Bay, i.e., the ripened right of first refusal, called for the holder to match the offer of a bona fide purchaser. The purchaser in that case offered to buy the property for $2,200,000 on specific terms. The trial court found, for various reasons, that the optionee's offer of a $2,000,000 purchase price was not a matching offer. The Third District affirmed, rejecting the optionee's argument that its $2,000,000 offer was equivalent to the bona fide purchaser's offer since the optionee's offer eliminated the need for the payment of a broker's commission.
In the present case, Draddy on September 2, 1981, telegraphed First American Bank as follows:
Be advised that Mrs. Draddy and Pedersen hereby exercise their option to retain ownership of reference property by purchasing interest of the majority on the same terms and conditions as Gonzalez offer. Please notify date time and place for delivery of money as per Gonzalez contract.
Under the principles set forth in Coastal Bay, by agreeing to buy from the trustee the majority's two-thirds interest on the same terms and conditions as the Gonzalez offer, Draddy and Pedersen bound themselves to render to the trustee, the seller of the property, two-thirds (viz., payment of $3,000,000) of the performance Gonzalez, the bona fide purchaser, had agreed to render to the trustee in order to be entitled to the counterperformance of conveyance of the property. Draddy and Pedersen's obligation to make payment of $3,000,000 to the trustee arose at the time of the telegraphed exercise of the right of first refusal, September 2, 1981. Any duties upon the trustee as to a distribution of net proceeds to the beneficiaries after a sale were not relevant to the question of the price Draddy and Pedersen had to pay to meet the Gonzalez offer.
We conclude that it was error for the circuit court to take into account the brokers' commission and reduce or increase the amount due Anderson and Sargent from the trustee by any portion of that commission.
For the foregoing reasons we reverse the judgment under review and remand the cause with directions that the court enter a judgment requiring Draddy and Pedersen to pay Anderson and Sargent $3,000,000, in order to exercise their right of first refusal.
REVERSED AND REMANDED WITH DIRECTIONS.
RODGERS, EDWARD, Associate Judge, concurs.
ANSTEAD, C.J., specially concurs with opinion.
ANSTEAD, Chief Judge, specially concurring:
Were it not for the parties' agreement that the cause should be resolved by judicial interpretation of the pertinent provision in the trust agreement, I would be inclined to hold the provision ambiguous and remand for an evidentiary hearing as to the parties' intent.
This is a difficult case to resolve, since on the surface it appears that the majority beneficiaries are receiving more than they would have received had the sale gone through to the third party purchaser of the trust property. However, it is important to note that under the interpretation we approve today the minority beneficiaries will end up with property presumably worth the full purchase price offered by the third party purchaser. If that be so, would it not be inequitable to allow them to do so without paying a full two-thirds of that value to the majority beneficiaries who likewise are entitled to a two-third's interest in the full value of the property?