472 So.2d 1333 (1985)
David LEHR, M.D., Mira Tager Lehr, Robert E. Bauer, M.D., M.T.L. Corporation and Rebel Corporation, Appellants,
v.
Arthur L. BREAKSTONE, Julie Breakstone, Pritikin International, Inc., Longevity Center of Florida, Inc., and Beach Enterprises, Ltd., Appellees.
No. 84-2524.
District Court of Appeal of Florida, Third District.
July 23, 1985.
*1334 Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh and Alan G. Greer, Miami, for appellants.
Walters, Costanzo, Russell, Zyne and Newman and David M. Walters and David A. Russell, Miami, for appellees.
Before HENDRY, DANIEL S. PEARSON and FERGUSON, JJ.
HENDRY, Judge.
Appellants, plaintiffs below, bring this appeal from a final order on distribution of closing proceeds and an earlier non-final order on motion to enforce a settlement agreement.
The facts may be briefly stated as follows. Appellants David Lehr, M.D., Mira Tager Lehr, Robert E. Bauer, M.D., M.T.L. Corporation and Rebel Corporation and appellees Arthur L. Breakstone, Julie Breakstone, Pritikin International, Inc., Longevity Center of Florida, Inc., and Beach Enterprises, Ltd. owned through a limited partnership known as Beach Enterprises, Ltd. a hotel property in Surfside, Florida. The parties entered into a settlement agreement relative to that property on January 24, 1983. In the settlement agreement the parties agreed to sell the hotel property for not less than $4.5 million. If after one year from the date of the agreement the property was not sold, then the parties agreed to sell to any bona fide third party purchaser if such third party's offer was acceptable to either the appellees or the appellants. In the event of such acceptance by either the appellees or the appellants, the other party was required to either acquiesce in the acceptance or elect to purchase the hotel property on the same terms and conditions as the third party offer. The limited partnership agreement provided that the purchasing "partner shall be responsible for the payment of brokerage commission... ."
During June of 1984, Michael Kest negotiated to buy the property through Steven Mishan, attorney for the seller, Beach Enterprises, Ltd. Mr. Breakstone's attorney inquired of Mr. Mishan by letter dated June 6, 1984 whether an offer from Mr. Kest was acceptable to the appellants. In a reply letter dated June 7, 1984 an associate, on behalf of Mr. Mishan, informed Mr. Breakstone that he could not assume acceptance of Mr. Kest's offer until such time as that acceptance was conveyed to him. On July 16, 1984 Mr. Kest signed a contract to buy the property and the contract was sent to Beach Enterprises, Ltd. Mr. Kest offered $4 million for the property. On July 20, 1984 Mr. Breakstone, through his attorney, exercised his right under the settlement agreement to purchase the hotel property for $4 million. On July 22, 1984 Dubawn Holdings-U.S., Inc. made an offer *1335 of $4.1 million for the property. This offer was acceptable to appellants. Mr. Breakstone, however, refused to either accept the second offer or elect to purchase the property at the same price and terms. He sought to purchase the hotel at the purchase price of $4 million offered by Mr. Kest.
Appellants moved the trial court to enforce the settlement agreement. On August 3, 1984 the trial court entered its order ruling that Mr. Breakstone could purchase the property for $4 million, requiring, however, that some provisions of the Dubawn Holdings-U.S., Inc. offer be applied to Mr. Breakstone's $4 million offer. The trial court reserved its ruling on whether Mr. Breakstone was entitled to a $150,000 brokerage commission credit, which would possible not have to be paid because of Mr. Breakstone's exercise of his right of first refusal. The court ordered that $150,000 be placed in escrow. Subsequently, the court found Mr. Breakstone to be in compliance with the terms and conditions of sale as ordered by the court and the closing was permitted to take place. Mr. Breakstone then moved the trial court for the distribution of closing proceeds. The court ordered on October 22, 1984 that Mr. Breakstone receive one-half of the $150,000 and Beach Enterprises, Ltd. receive the other half. The order also provided for the escrow to continue for a specified period in the event a suit asserting a claim for a commission was filed. Appellants subsequently brought this appeal.
Appellants contend that the trial court erred in ruling that Mr. Breakstone could purchase the hotel property at a price below that of the best third party offer received and further erred in finding that Mr. Breakstone was entitled to a $75,000 brokerage commission credit. We agree and reverse the appealed orders of the trial court.
It is the well-established law of Florida that when a party exercises a right of first refusal, that exercise must be on the same terms and conditions as those being offered by the third party purchaser. Anderson v. Draddy, 458 So.2d 803 (Fla. 4th DCA 1984); City National Bank of Miami Beach v. Lundgren, 307 So.2d 870 (Fla. 3d DCA), cert. denied, 316 So.2d 286 (Fla. 1975); Coastal Bay Golf Club, Inc. v. Holbein, 231 So.2d 854 (Fla. 3d DCA 1970).
In Coastal Bay Golf Club, Inc. v. Holbein, 231 So.2d at 857, the court stated:
A right of first refusal is a right to elect to take specified property at the same price and on the same terms and conditions as those contained in good faith offer by a third person if the owner manifests a willingness to accept the offer.
In the instant case there was a good faith third party offer of $4.1 million (the Dubawn Holdings-U.S., Inc. offer), which appellants were willing to accept. The trial court erred in permitting Mr. Breakstone to exercise his right of first refusal at a price $100,000 lower than such offer where there was no showing that the appellants had ever manifested a willingness to accept the $4 million offer from Mr. Kest. Therefore, Mr. Breakstone should be required to pay the full $4.1 million.
As to the unpaid brokerage commission, a party exercising a right of first refusal must pay the exact price offered by a bona fide third party purchaser and is not entitled to a credit for an unpaid broker's commission. Anderson v. Draddy, 458 So.2d at 805, City National Bank v. Lundgren, 307 So.2d at 872. The trial court was in error when it, in effect, gave Mr. Breakstone a credit of $75,000 against the total purchase price to be paid for the property. The eventuality that Mr. Breakstone might be liable for the payment of the broker's commission in addition to the purchase price was a risk he undertook when he exercised his right of first refusal.
For the foregoing reasons, the orders appealed are reversed and the cause remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.