PER CURIAM.
We affirm the judgment of the trial court upon a holding that the contract submitted by Herring (who had a right of first refusal) differed materially in its essential terms from the contract submitted by the third-party purchaser. See Lehr v. Breakstone, 472 So.2d 1333 (Fla. 3d DCA 1985); Central Properties, Inc. v. Robbinson, 450 So.2d 277 (Fla. 1st DCA 1984), quashed in part on other grounds, 468 So.2d 986 (Fla.1985); Hallmark Builders, Inc. v. Hickory Lakes of Brandon, Inc., 444 So.2d 1047 (Fla. 2d DCA 1984); Coastal Bay Golf Club, Inc. v. Holbein, 231 So.2d 854 (Fla. 3d DCA 1970). In the present case, the third-party purchaser’s contract contained an “as is” clause, whereas Herring’s contract provided that the seller warranted all major appliances, plumbing, electrical installations, and machinery.
Affirmed.