497 So.2d 898 (1986)
John J. PEARSON, Appellant,
v.
Zora FULTON, Paul Taylor and Dorothy Taylor, Thomas L. Kirsch, As Trustees for the Zora L. Fulton Trust, and Richard Geiger, et al., Appellees.
No. 85-2307.
District Court of Appeal of Florida, Second District.
October 10, 1986.
Rehearing Denied November 20, 1986.
Joseph P. McNulty and Richard T. Earle, Jr., of Earle & Earle, St. Petersburg, for appellant.
John C. Gardner and William M. Golson of Gardner & Golson, P.A., Clearwater, for appellees Taylor, Kirsch and Fulton.
George E. Tragos, Clearwater, for appellee Geiger.
DANAHY, Chief Judge.
We agree with the appellant that the trial judge erred in entering a summary final judgment in favor of the appellees, and reverse.
*899 The appellant brought this action against the appellees based upon a document purporting to give the appellant a right of first refusal upon certain real property owned by Zora L. Fulton in Pinellas County. The document recited:
2. This instrument specifically conveys to John J. Pearson [the appellant] or his assigns the right to match or equal any bonafide [sic] offer on my property. That right shall commence on the date that a certified copy of any executed or accepted offer is delivered to John J. Pearson, and said right shall expire 120 days from that date, provided that I do not receive NOTICE of the exercise of the rights granted herein.
3. Provided John J. Pearson exercises his right to match or equal the accepted offer or contract, by providing me with written NOTICE within the prescribed time period. I hereby grant him or his assigns 30 days from date of NOTICE, of the exercise of the right of first refusal, to close on the property, pursuant to the terms and conditions, of the accepted offer or contract.
4. Should John J. Pearson NOT exercise the right granted herein, by this document, and in the event, that the deal or bargain anticipated by, the executed and accepted contract; NOT close for any reason, then this right of first refusal, shall survive the aborted or vacated contract and shall remain in full force and effect, for any and all subsequent offers or CONTRACTS.
Zora L. Fulton subsequently conveyed the subject property to the appellees Taylor and Kirsch as trustees under a trust executed by Zora Fulton. Herein these appellees will be referred to as "the trustees."
On February 26, 1985, the appellant sent a certified letter to the trustees headed by the word "notice" in which he referred to the right of first refusal and stated he had learned that the trustees had entered into a contract to sell the property. There was, in fact, such a contract dated October 10, 1984. The appellant's letter of February 26, 1985, further stated:
Please take notice that we hereby elect to exercise that right of first refusal and hereby demand that you forward any or all executed contracts pursuant to that right to the undersigned at this address.
Apparently feeling frustrated in the exercise of his right of first refusal, the appellant initiated this action on March 14, 1985, against Zora L. Fulton and the trustees, and against the appellee Geiger, whom the appellant alleged to be the purchaser under the contract of sale. Geiger filed an answer to the complaint in which he denied that he was the purchaser but admitted that a corporation called International Landvest, Inc., had entered into a contract with the trustees to purchase the property.
Fulton and the trustees, however, have not filed an answer to the complaint. They filed a motion to dismiss in which they asserted that in his letter of February 26, 1985, the appellant elected to exercise his alleged right of first refusal to purchase the real property. Fulton and the trustees admitted in their motion that the property was at that time subject to a contract for sale.
On June 6, 1985, the trial judge entered an order on the motion to dismiss in which he specifically found that by the written notice or letter of February 26, 1985, the appellant had elected to exercise his alleged right of first refusal to purchase the real property owned by the trustees and then under a contract for sale. He also found that "by his written notice, [the appellant] started running the 120-day period set forth in the alleged right of first refusal which shall expire on June 26, 1985." The June 6 order denied the motion to dismiss but declared that:
In the event that it is finally determined that the alleged right of first refusal is a valid and subsisting contract, the 120 day period in which [the appellant] must agree to purchase the property on the same terms and conditions as the pending contract, as set forth in the alleged right of first refusal, will expire on June 26, 1985.
*900 The appellant has adopted the position on this appeal that he did in fact exercise his right of first refusal by his letter of February 26, 1985. Since Fulton and the trustees took that position, the trial judge so found, and the appellees have not challenged that determination on this appeal, we have no difficulty in holding that the appellant exercised his right of first refusal on February 26, 1985.
The trial judge, however, erred in declaring by his June 6, 1985, order that the appellant was required to take some further action within 120 days from February 26, 1985, in order to complete the exercise of his right of first refusal. A right of first refusal is a right to elect to take specified property at the same price and on the same terms and conditions as those contained in a good faith offer by a third person if the owner manifests a willingness to accept the offer. The right of first refusal ripens into an option once an owner manifests a willingness to accept a good faith offer. Coastal Bay Golf Club, Inc. v. Holbein, 231 So.2d 854 (Fla.3d DCA 1970). The exercise of the right of first refusal, therefore, is the exercise of the option. In the instant case, the 120 days referred to in the right of first refusal is a period of time within which the appellant could exercise his right of first refusal. Since he did so by his letter of February 26, 1985, the 120-day period became irrelevant.[1]
The error of the trial judge in his June 6 order led to the error in entering summary judgment for the appellees. In that summary final judgment, the trial judge found that the alleged right of first refusal expired 120 days from February 26, 1985, or on June 26, 1985. He then found that the appellant had failed to exercise his right by refusing to assume the good faith buyer's place under the pending contract. On this basis, the trial judge entered summary judgment for the appellees. The appellees were not entitled to summary judgment as a matter of law and the summary judgment entered in their behalf was in error.
We have no doubt that there are issues of law and fact between these parties, but we can only speculate as to what those issues are, based on the record before us.[2] Since Fulton and the trustees have not filed an answer to the merits of the complaint, the issues have not been framed by the pleadings. It is apparent that the appellant initiated this action to request the assistance of the trial court in the pursuit by the appellant of the contract for purchase which the appellant has elected to adopt as his own. Fulton and the trustees have so far failed to show why the appellant is not entitled to relief. We believe the ball is in their court.
Accordingly, we reverse the summary final judgment for the appellees and remand for further proceedings consistent with this opinion. We have considered the issue raised by the appellant regarding the discharge of the lis pendens filed by him, and we find that issue to be without merit.
Reversed and remanded.
LEHAN and FRANK, JJ., concur.
NOTES
[1] The record does not establish when, if ever, the appellant received a certified copy of the contract. The appellees, in any event, have not asserted that the exercise of the right of first refusal on February 26, 1985, was untimely.
[2] One such issue may be the interpretation and application in this case of the 30-day closing period provided in the right of first refusal. To interpret that provision as literally as Fulton and the trustees suggest would allow the right of first refusal to be easily defeated and rendered illusory by a sales contract with closing contingencies extending beyond thirty days.