PER CURIAM.
Daniel Levine & Company, Realtors appeal from a final judgment entered after a general jury verdict finding that Daniel Levine was not entitled to a real estate commission. We affirm.
The property in question was sold to appellee Arthur Breakstone upon his exercising a right of first purchase under a contract signed by Dubawn Holdings, a Canadian prospective purchaser.
Levine contends that, because he procured the Canadian prospective purchasers, the sale in question was a direct result of his services and that, therefore, he is entitled to a commission on the equitable theories of quantum meruit and unjust enrichment.
Here, the jury could have properly found that Levine was not entitled to a commission based on quantum meruit. In an action for quantum meruit, “the test ... is whether or not the services were performed under circumstances in which the parties understood and intended that compensation would be paid.” Tobin & Tobin Ins. Agency v. Zeskind, 315 So.2d 518, 520 (Fla. 3d DCA 1975). There was sufficient evidence adduced at trial to support a finding that there was no oral or written agreement or understanding to pay Levine a commission in the event of an internal buyout. Specifically, Lehr told Levine in February, 1984, that he would not receive a commission in the event of an internal buyout. The attorney for Beach Enterprises presented Levine with a proposed contract stipulating that he would get no commission should one of the partners exercise his right of first purchase. Thereafter, Lehr and Breakstone refused to sign three different documents prepared by Levine giving him a commission in the event of an internal buyout.
Similarly, there was sufficient evi-' dence before the jury to support its finding that Levine was not entitled to relief based on the theory of unjust enrichment. Unjust enrichment is based on a finding that an implied contract to pay for services existed or that the broker was the procuring factor in the sale. See Banks Real Estate Corp. v. Gordon, 353 So.2d 859, 860 (Fla. 3d DCA 1977). At trial, Breakstone testified that the internal buyout had nothing to *1133 do with any offer submitted by Levine but was based solely on the Kest offer submitted by another broker.[1] Breakstone also testified that he exercised his right of first purchase without knowledge of the existence of the Dubawn Holdings offer. Given these facts, we cannot find that the jury verdict denying Levine a commission was against the manifest weight of the evidence, and we affirm.
Affirmed.

. Although Levine argues that this court’s decision in Lehr v. Breakstone, 472 So.2d 1333, 1335 (Fla. 3d DCA 1985), operates as a bar to Break-stone’s factual assertion, the rule of mutuality of parties precludes the offensive use of collateral estoppel in this case. See Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843, 845 (Fla. 1984); see also Zeidwig v. Ward, 548 So.2d 209 (Fla. 1989).