674 So.2d 935 (1996)
Polly E. SCHWEY, d/b/a Schwey Realty, Inc., Appellant,
v.
Carmen Y. VARA and T. Dominic Vara, Appellees.
No. 95-1945.
District Court of Appeal of Florida, Fourth District.
June 12, 1996.
*936 Allan P. Whitehead, Mosley, Wallis & Whitehead, P.A., Melbourne, for appellant.
Bruce Barkett, Collins, Brown, Caldwell, Barkett, Rossway, Garavaglia & Moore, Chartered, Vero Beach, for appellees.
KLEIN, Judge.
Appellant, a real estate broker, produced a prospective buyer for the appellee owners' property. The property, however, was subject to a right of first refusal and the holder of that right exercised it and closed. The broker brought this suit for a commission. The trial court concluded that there was no entitlement to a commission, and we affirm.
The owners had previously sold a parcel of property to Triple S Cattle Company, and had also given Triple S the right of first refusal on an adjacent piece. The right of first refusal required Triple S to execute a contract on terms identical to offers made by third parties. The broker was not involved in that sale.
In 1993 the broker contacted the owners with a possible purchaser, and after several offers were rejected, the owners signed a contract with the broker's prospective buyer which provided for a cash sale for $854,000 and a commission to the broker. The contract also provided that it would be void and the broker would not receive a commission if Triple S exercised its right of first refusal by "executing an identical Contract to Purchase."
Within the time provided for exercising its right of first refusal, Triple S submitted a contract for $854,000 cash with no provision for a commission. The owners closed with Triple S, and the broker brought this suit against the owners for a commission.
The prospective purchaser did not complain about the terms of the Triple S contract or try to enforce its contract; however, the broker sued the owners for a commission on the theory that the Triple S contract was not identical to the offer produced by the broker because it did not provide for a commission to the broker.
A right of first refusal exercise need only be identical to the offer terms which are essential. Coastal Bay Golf Club, Inc. v. Holbein, 231 So.2d 854, 857 (Fla. 3d DCA 1970); Hallmark Builders, Inc. v. Hickory Lakes of Brandon, Inc., 444 So.2d 1047 (Fla. 2d DCA 1984). Here, neither the prospective buyer produced by the broker nor the owner had any complaint about the terms being identical. The broker has cited no authority to support its argument that it is entitled to complain about the terms or that it is entitled to a commission under these circumstances.
This case is distinguishable from City National Bank of Miami Beach v. Lundgren, 307 So.2d 870 (Fla. 3d DCA), cert. denied, 316 So.2d 286 (Fla.1975) in which the court stated in dicta that the owner would have had to pay a commission regardless of whether a third party or the holder of the right of first refusal purchased. In that case, the owner had agreed to pay the broker a commission for finding a purchaser ready, willing and able.
In the present case, the owner was not obligated to pay a broker's commission pursuant to any contract, and the buyer, Triple S, was not procured by the broker. The only contract under which the broker was entitled to a commission became void upon the exercise of the right of first refusal.
Affirmed.
DELL and STEVENSON, JJ., concur.