POLEN, J.
Appellant, International Christian Fellowship, Inc. (“International”), appeals the trial court’s grant of final summary judgment to Appellee, Vinh On Property, Inc. (“Vinh”), and the trial court’s final judgment in favor of Appellee, Andrew Pon-nock, on his counterclaim against International. International leased property from Vinh, and its lease contained a right of first refusal. Ponnock made an offer to buy the property and International attempted to exercise its right of first refusal, but made an offer with differing terms. Vinh filed a declaratory judgment action to have the court determine which contract was valid. The trial court determined International had not properly exercised its right of first refusal and found the Pon-nock contract to be the valid contract. We find International’s arguments unpersuasive and affirm the trial court’s grant of summary judgment.
“The standard of review for an order granting summary judgment is de novo.” 5th Ave. Real Estate Dev., Inc. v. Aeacus Real Estate Ltd., 876 So.2d 1220, 1221 (Fla. 4th DCA 2004). “Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.” Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). .“In reviewing a summary judgment, this court ‘must consider the evidence contained in the record, including any supporting affidavits, in the light most favorable to the non-moving party ... and if the slightest doubt exists, the summary judgment must be reversed.’ ” 5th Ave., 876 So.2d at 1221 (quoting Krol v. City of Orlando, 778 So.2d 490, 492 (Fla. 5th DCA 2001)).
In this case, the trial court determined there was no material issue of fact, *1216 as the documents clearly revealed that International failed to match the terms of the Ponnock contract, thereby improperly exercising its right of first refusal. “A right of first refusal is a right to elect to take specified property at the same price and on the same terms and conditions as those contained in a good faith offer by a third person if the owner manifests a willingness to accept the offer.” Power v. Power, 864 So.2d 528, 524 (Fla. 5th DCA 2004). “A right of first refusal exercise need only be identical to the offer terms which are essential.” Schwey v. Vara, 674 So.2d 935, 936 (Fla. 4th DCA 1996)(citing Coastal Bay Golf Club, Inc. v. Holbein, 231 So.2d 854, 857 (Fla. 3d DCA 1970)).
We find the trial court did not err in making this determination. The contract delivered by International did not match numerous terms found in the Ponnock contract, including details such as the closing date, financing and Vinh’s duty to repair the property. Moreover, while Vinh inadvertently sent a copy of the contract to International which only had its agent’s initials on it, it was Vinh’s position that it had a fully-executed, fully-initialed contract with Ponnock. Vinh’s willingness to accept Ponnock’s offer is the point at which International’s right of first refusal is activated. See Power, 864 So.2d at 524. The evidence supported this assertion, and International did not introduce evidence to the contrary. Therefore, all the evidence at the hearing supported Vinh’s and Pon-nock’s position and showed there was no material issue of fact precluding a grant of summary judgment.
We affirm.
GUNTHER and HAZOURI, JJ., concur.