DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIAM CASTELLI,**
Appellant,

v.

**RENE CASTELLI,**
Appellee.

No. 4D14-1687

[March 4, 2015]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Laura M. Watson, Judge; L.T. Case No. FMCE12-6148 (42).

John H. Pelzer of Greenspoon Marder, P.A., Fort Lauderdale, for appellant.

Robert J. Moraitis and Peter M. Raimondi of Robert J. Moraitis, P.A., Fort Lauderdale, for appellee.

FORST, J.

Appellant William Castelli, the husband, appeals a non-final order finding him in civil contempt and compelling him to execute a contract to sell real property, i.e., the former marital residence previously shared with Appellee Rene Castelli, the wife from whom Appellant is separated. Appellee has conceded that the trial court erred in entering a civil contempt order. As to the trial court's order rejecting Appellant's attempt to exercise a right of first refusal with respect to the purchase of the home, we reverse and remand to the trial court to honor and enforce Appellant's exercise.

**Background**

The parties were involved in proceedings to dissolve their marriage. As part of this effort, in November 2013, the trial court entered an agreed order to list and sell the former marital residence ("Listing Order"). The Listing Order commanded the parties to list the home for sale and attempt

to receive the best price. The Listing Order also granted Appellant "a right of first refusal for a bona fide offer acceptable to the parties without paying a commission as long as Wife is paid all cash for her interest."

On April 23, 2014, the parties received an offer from a third party to purchase the residence for $600,000. On April 24, 2014, Appellee signed the contract and Appellant, through his attorney, e-mailed Appellee, through her attorney, notifying her that he was exercising his right of first refusal. Appellant's e-mail stated:

> Dear Bob: My client Bill Castelli has decided to exercise his right of first refusal in accordance with the courts [sic] previous orders. It is my clients [sic] intent to purchase the former marital home in accordance with the courts [sic] previous orders and the parties [sic] contract with Blue Horizon Realty. This E-Mail is intended to be formal notice of Bill Castelli's intent to exercise his right of first refusal. Please feel free to contact me if you have any questions.

Appellee's attorney responded thirty-eight minutes later, at 11:21 a.m., demanding that Appellant prepare, sign, and deliver a contract matching the third party offer, as well as provide proof of his ability to comply with the offer, by 1:00 p.m. Appellee further stated that if the contract and proof of assets were not completed by 1:00 p.m., she "fully expects and demands [Appellant] to likewise execute that offer so we have a completely signed contract by 5:00 PM today." Appellant did not comply with either demand, as he did not provide Appellee with a contract matching the offer or sign the existing third party offer.

On April 28, 2014, Appellee filed an emergency motion to compel Appellant to execute the third party offer, to hold Appellant in contempt, and for sanctions. In her motion, Appellee argued Appellant had 24 hours to match the third party contract terms, but failed to do so, and asked the court to require Appellant to immediately execute the third party offer. Appellee's motion did not provide an alternative avenue to resolve this matter, i.e., the trial court requiring Appellant to satisfy his exercise of right of first refusal.

On May 1, 2014, the trial court found Appellant to be in contempt for violating the Listing Order by failing to execute the offer. The trial court also found Appellant did not exercise his right of first refusal as required by *International Christian Fellowship, Inc. v. Vinh on Property, Inc.*, 954 So. 2d 1214 (Fla. 4th DCA 2007). The trial court appointed independent

counsel to act as Appellant's attorney-in-fact to sell the former marital home.

The issue before the court on appeal is whether the trial court erred in finding Appellant did not sufficiently exercise his right of first refusal.

## Analysis

"A right of first refusal is a right to elect to take specified property at the same price and on the same terms and conditions as those contained in a good faith offer by a third person if the owner manifests a willingness to accept the offer." *Old Port Cove Holdings, Inc. v. Old Port Cove Condo. Ass'n One, Inc.*, 986 So. 2d 1279, 1285 (Fla. 2008) (quoting *Pearson v. Fulton*, 497 So. 2d 898, 900 (Fla. 2d DCA 1986)). "[A] right of first refusal ripens into an option and is governed by the law of options when the owner of the property in question manifests a willingness to accept a good faith offer for the purchase of the property." *Anderson v. Draddy*, 458 So. 2d 803, 804-05 (Fla. 4th DCA 1984). In the instant case, the right of first refusal effectively transformed into an option contract when Appellee agreed in principle to accept the third party purchaser's offer, both before and after Appellant had invoked his "right of first refusal."

Neither party argues that Appellant imposed new conditions by stating that his purchase would be "in accordance with the courts [sic] previous orders and the parties [sic] contract with Blue Horizon Realty." In fact, Appellee's answer brief states "the Blue Horizon Contract and Listing Order do not contain any essential terms regarding the purchase of the subject property." Instead, Appellee maintains that the above-noted e-mail sent by Appellant's counsel was deficient because it failed to "explicitly" state the "essential terms and conditions of the [third party purchaser's] Contract." Appellant's position is that no specific language was required to exercise his right of first refusal option beyond a clear expression, to the other party, of his intent to exercise the option. After he did so, it was Appellee who breached the newly formed contract by unilaterally imposing new conditions not found in the Listing Order.

The law is clear that, when the holder of a right of first refusal attempts to exercise his right but adds or deletes terms and/or conditions that render the offer different than that submitted by the third party prospective purchaser, the right of first refusal has not been properly exercised. *See Int'l Christian Fellowship, Inc.*, 954 So. 2d at 1216 (explaining that while "[a] right of first refusal exercise need only be identical to the offer terms which are essential," it is not properly exercised when the offer was made with different material terms than the agreement

3

between the owner and the third party purchaser) (internal quotations and citation omitted); *Green v. First Am. Bank & Trust*, 511 So. 2d 569, 575 (Fla. 4th DCA 1987) (holding that an option, derived from a right of first refusal, was not properly exercised where the option holder's offer price did not match that of a third party purchaser); *Coastal Bay Golf Club, Inc. v. Holbein*, 231 So. 2d 854, 858 (Fla. 3d DCA 1970) (explaining one offer to purchase matches the other if the essential terms of the offer are identical).

Appellant's e-mail offer did not "explicitly" state that he was point-by-point matching the third party offer, nor did it note specific details of the third party's offer that were being matched. On the other hand, Appellant's offer did not contain any terms or conditions that differed from the essential terms and conditions of the third party purchaser's offer and the e-mail did state that it "is intended to be formal notice of [Appellant's] intent to exercise his right of first refusal." Since a right of first refusal inherently requires the holder of the right to accept the same terms and conditions as the third party offer, we hold that Appellant's e-mail stating that he was exercising his right of first refusal implicitly adopted all the terms of the third party contract. Any reference to the Blue Horizon contract was, as Appellee concedes, meaningless and did not alter the terms of the third party contract Appellant sought to match. Therefore, Appellant's e-mail contained sufficient language to properly exercise his right of first refusal under the Listing Order.

Rather than require a point-by-point recitation of the material terms of the third party contract, it is sufficient that a party simply announce her desire to exercise her right of first refusal. In *7-Eleven v. Stin, L.L.C.*, 961 So. 2d 977, 981 (Fla. 4th DCA 2007), we stated that "[i]t was not necessary for [purchaser] to parrot the terms of the [third party] contract because, by invoking the other two documents, [purchaser] was essentially agreeing to the terms of the [third party] contract. It is of no import that other non-material terms remained to be negotiated." Likewise, in this case, the Appellant had no need to specifically quote the terms of the third party offer he was agreeing to match.

This proposition finds support from our sister courts. The Third District stated that a party sufficiently exercised its right of first refusal merely by sending a letter announcing its intentions to do so, even if the letter "had not included the language 'under the terms of the . . . Purchase Agreement.'" *Keys Lobster, Inc. v. Ocean Divers, Inc.*, 468 So. 2d 360, 362 n.2 (Fla. 3d DCA 1985). Likewise, the Second District has held that a right of first refusal was properly exercised in a letter that simply stated, "Please take notice that we hereby elect to exercise that right of first refusal and

hereby demand that you forward any or all executed contracts pursuant to that right to the undersigned at this address." *Pearson*, 497 So. 2d at 899-900. While we reaffirm our holding in *International Christian Fellowship, Inc.*, that a right of first refusal has not been exercised where a party attempts to change terms or conditions so as to render the exercise different than the third party contract, we now emphasize that an attempted exercise that is silent on the terms of the acceptance clothes itself in the language of the third party offer it seeks to match.

Upon Appellant's exercise of his right of first refusal, a binding contract between Appellant and Appellee was immediately created. The exercise of a right of first refusal "cannot properly be construed, consistent with general contract principles, as an offer to purchase. Such a construction would imply that [Appellee] was free to accept or reject such an 'offer.' This was clearly not the case." *Keys Lobster, Inc.*, 468 So. 2d at 362. Appellee's introduction of new terms, not found in the Listing Order, in her reply e-mail was a rejection of Appellant's right of first refusal and, as such, constituted a breach of the newly formed contract. In the face of such a breach, Appellant cannot be blamed for failing to draft and sign a contract, complete with proof of ability to pay, within an hour and a half.

## Conclusion

In conclusion, Appellant properly exercised his right of first refusal in his e-mail to Appellee. A party need not recite the terms of the third party contract he is agreeing to match when he exercises his right of first refusal; rather it is simply enough to announce an intent to match them. Sometimes less truly is more. As such, we hereby reverse and remand to the trial court to strike Appellant's contempt order and enforce Appellant's exercise of his right of first refusal.

*Reversed and Remanded.*

GERBER and LEVINE, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

5