837 So.2d 503 (2003)
Paul B. STEINBERG, Appellant,
v.
Karl M. SACHS, Appellee.
No. 3D01-2429.
District Court of Appeal of Florida, Third District.
January 15, 2003.
Steinberg & Associates, P.A. and Anthony V. Falzon, Coral Gables, for appellant.
*504 Markus & Winter, P.A. and Stuart A. Markus, Miami, for appellee.
Before SCHWARTZ, C.J., and LEVY and GREEN, JJ.
GREEN, J.
Paul B. Steinberg, plaintiff below, appeals an adverse final summary judgment entered in his contract action against Karl M. Sachs. We reverse for the reasons which follow.
In 1984, Steinberg, Sachs, and a Martin Greenberg were among a group of investors which formed a company called Boca Aviation for the purpose of purchasing the operating license for the airport in Boca Raton. Steinberg purchased 25% of the initial shares in Boca Aviation while Sachs purchased 5% of the shares and Greenberg 40%. Subsequently these investors established another entity named South Hangars in order to construct additional hangar space on property leased by Boca Aviation. Each Boca Aviation shareholder received an interest in South Hangars proportionate to his/her shareholding in Boca Aviation. Sachs was given a 4.95% interest in South Hangars.
In 1991, Sachs was embroiled in divorce proceedings and in need of liquid capital. He offered to sell his 5% interest in Boca Aviation and his 4.95% interest in South Hangars to Steinberg. Steinberg agreed to purchase the same for $32,500. Steinberg further agreed to grant Sachs the option of repurchasing the stock no later than twenty-four months from the date of the sale of the stock by Sachs to Steinberg. Sachs accepted this offer and the parties executed a bill of sale and assignment of stock interest on December 6, 1991. The assignment provided in relevant part that:
Further, pursuant to the agreement of the parties, [Sachs] is hereby granted the right to repurchase said shares in BOCA AIRPORT, INC. d/b/a BOCA AVIATION, INC. AND SOUTH HANGAR, LTD. upon the payment to [Steinberg], the sum of Thirty-Two Thousand Five Hundred Dollars ($32,500), plus interest at the rate of fifteen percent (15%) per annum which option may be executed by [Sachs], between eighteen (18) months and two (2) years from the date of this Assignment.
On December 8, 1993, and more than two years later, Sachs attempted to exercise his option to repurchase the stock from Steinberg. Steinberg informed Sachs that the time to repurchase the stocks pursuant to the agreement had expired. Steinberg nevertheless agreed to sell the stocks to Sachs for a total purchase price of $42,429 plus interest upon the condition that Steinberg retained a right of first refusal to repurchase the stock should Sachs decide to resell it in the future. Specifically, the letter of agreement prepared by Steinberg provided:
However, I will reconvey the interest in the various entities to you on the following basis.... The first right of refusal to repurchase said stock and partnership interest should you desire to sell same in the future.
Sachs signed this letter of agreement, issued a check to Steinberg for $42,500 on December 31, 1993, and once again became a shareholder in Boca Aviation and South Hangars.
In February 1995, Steinberg learned that Sachs had sold his 5% interest in Boca Aviation and South Hangar to Greenberg in January 1995 as part of a larger transaction for $120,000 without notifying Steinberg and giving Steinberg the opportunity to exercise his right of first refusal. Upon learning this, Steinberg attempted to exercise his right of first refusal under the December 15, 1993 agreement by sending Greenberg a check for $120,000. Greenberg refused to sell the shares to Steinberg *505 and returned the check. Steinberg then attempted to purchase the interests from Sachs directly but Sachs refused to allow him to exercise his contractual right of first refusal.
Steinberg filed suit against Sachs seeking damages for breach of the December 15, 1993 agreement between them containing the right of first refusal. Sachs moved for final summary judgment. This motion was granted on the grounds that the right of first refusal was void because it lacked enforceable terms, most notably the time period during which Steinberg could exercise the right of first refusal and the price at which he could exercise the right of first refusal. Further, the trial court concluded that the right of first refusal was invalid due to the lack of consideration on the part of Steinberg. Steinberg moved for rehearing on the motion, but the same was denied.
Steinberg took the instant appeal and asserts that the lower court erred in its determination that the right of first refusal contained in the December 15, 1993 agreement was void for lack of specificity and adequate consideration on his part. He argues that a right of first refusal is a right to elect to take specified property at the same price and on the same terms and conditions as those contained in a good faith offer by a third party, if the owner of the property manifests a willingness to accept the third party's offer. He further asserts that he provided adequate consideration for the right of refusal by permitting Sachs to repurchase Sachs' 5% interest in Boca Aviation and South Hangars after the option to repurchase contained in the December 1991 agreement had expired. We agree and reverse the summary judgment under review.
Initially, we note that a right of first refusal is sometimes confused with an option. Although they are related, they are distinct legal concepts. As we have previously stated, "[a] right of first refusal is a right to elect to take specified property at the same price and on the same terms and conditions as those continued in good faith offer by a third person if the owner manifests a willingness to accept the offer." Coastal Bay Golf Club, Inc. v. Holbein, 231 So.2d 854, 857 (Fla. 3d DCA 1970). That right is clearly an executory right. Id. By its very nature then, a right of first refusal would never contain specific terms such as price because the terms are always dictated by the third party whose offer the holder of the right of first refusal is bound to match in all essential details.
An option contract on the other hand, is one in which a seller makes an irrevocable offer to sell on specified terms and which creates in a buyer a power of acceptance. See 1A Corbin on Contracts 261A (1963). It is therefore an executed contract. See Coastal Bay Golf Club, 231 So.2d at 857. "The option compels performance within the time limit specified, or if none is mentioned, then within a reasonable time, whereas the right of first refusal has no binding effect unless the offeror decides to sell." Winberg v. Cimfel, 248 Neb. 71, 532 N.W.2d 35, 39 (1995). "A right of first refusal [thus]is not an option but `ripens into an option once an owner manifests a willingness to accept a good offer.'" Keys Lobster, Inc. v. Ocean Divers, Inc., 468 So.2d 360, 363 (Fla. 3d DCA 1985) quoting Coastal Bay Golf Club, 231 So.2d at 857.
At issue in this case is solely a right of first refusal and the trial court erred as a matter of law in its determination that it was voidable for lack of enforceable terms such as price and the time period during which Steinberg could exercise his right of refusal. The price was necessarily supplied by the third party's (i.e.Greenberg's) offer. Moreover, Steinberg correctly asserts that the courts will impute that his right of first refusal be *506 exercised within a reasonable time period. See De Cespedes v. Bolanos, 711 So.2d 216, 218 (Fla. 3d DCA 1998) (stating that "[t]he general Florida rule is that when a contract does not expressly fix the time for performance of its terms, the law will imply a reasonable time."); Doolittle v. Fruehauf Corp., 332 So.2d 107, 109 (Fla. 1st DCA 1976) (same).
We further conclude that the trial court erred as a matter of law in its determination that the right of first refusal was not supported by valid consideration. When Steinberg permitted Sachs to repurchase the 5% shares in the December 15, 1993 letter agreement after the expiration of the first option, Steinberg was effectively granting Sachs a new option. This new option was the new consideration. Contrary to the trial court's findings, the new consideration was the purchase price of $42,500 plus the right of first refusal granted by Sachs to Steinberg. See Brinson v. Herlong, 121 Fla. 505, 164 So. 137 (1935).
Thus, for the foregoing reasons, we reverse the final summary judgment and remand for further proceedings.
Reversed.