GREEN, J.
The appellant appeals from an order denying his motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We reverse in part and affirm in part.
On September 25, 2000, defendant was charged by information with five counts of engaging in sexual acts with a familial child, two counts of lewd and lascivious molestation on a child 12-16 years, and three counts of lewd and lascivious assault on a child. On January 6, 2003, defendant pled guilty to ten counts of sexual misconduct against his daughter and was sentenced to 13 years in state prison.
Defendant filed a 3.850 post conviction relief motion, which was subsequently amended. The state filed a response and, without an evidentiary hearing, the court denied the defendant’s motion. The order found that the defendant’s first three allegations were refuted by the plea colloquy and sentencing transcript and that the defendant’s fourth allegation was an improper subject matter for a 3.850 motion. This appeal followed.
Counts one and two of the defendant’s post-conviction motion revolve around the plea agreement that the defendant accepted. The defendant claims that counsel incompetently told him to turn down the state’s plea offer of seven years and thus he wound up with a less favorable offer of thirteen years in state prison. The state has failed to address this issue, and the record fails to conclusively refute the defendant’s claim.
In count three of defendant’s motion he claims that counsel failed to correct the birthday of his victim from May 14, 1981, to May 14, 1983. In addition, the defendant claims that the victim did not enter this country until July 1, 1997, and therefore, none of the criminal conduct could have occurred before that date. Thus, the defendant claims that his counsel was ineffective for failing to pursue these issues because the victim’s incorrect age, and incorrect date for the crimes classified him in a more severe category of felony than was warranted. Again, the record does not conclusively refute the defendant’s claim. Therefore, we reverse as to counts one, two and three and remand for an evidentiary hearing or other appropriate proceedings pursuant to Florida Rule of Appellate Procedure 9.141(b)(2)(D).
In count four of his motion the appellant contends that the trial court erred in designating him a sexual predator because Florida’s Sexual Predator Act, section 775.21, Florida Statutes (2003), violates procedural due process. He also claims that the trial court erred in denying his post-conviction motion on grounds that, among other things, a sexual predator designation was an improper subject matter to be raised in a 3.850 motion.
Both parties now admit that there is no order designating the defendant as a sexual predator. Hence, this issue is baseless. Accordingly, without opinion, we affirm the *540 trial court’s denial of said claim. Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999)(The “longstanding principle of appellate law, sometimes referred to as the ‘tipsy coachman’ doctrine, allows an appellate court to affirm a trial court that reaches the right result, but for the wrong reasons”). See State Farm Fire & Cas. Co. v. Levine, 837 So.2d 363 (Fla.2002); Medina v. State, 920 So.2d 136 (Fla. 3d DCA 2006).
Affirmed in part, and reversed and remanded with direction.