[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 3, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16668
Non-Argument Calendar

_____

D. C. Docket No. 08-00135-CV-3-RS-EMT

TAMINCO NV,

Plaintiff-Appellant,

versus

GULF POWER COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(April 3, 2009)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Taminco appeals the summary judgment in favor of Gulf Power Company.

The district court concluded that Taminco was obligated, as a matter of law, to pay Gulf Power monthly a congeneration service charge. We affirm.

## I. BACKGROUND

The dispute between Taminco and Gulf Power arises from their cogeneration and energy services agreement. Taminco is a Belgian corporation that is a successor in interest to the original party to the agreement, Air Products Chemicals, Inc. Taminco operates a chemical manufacturing facility in Pace, Florida, that purchases electricity from Gulf Power. Gulf Power is a utility company that generates and transmits electricity to northwest Florida.

In 1997, Gulf Power and Air Products executed a cogeneration and energy services agreement to allow Gulf Power to construct a cogeneration facility on the grounds of Air Products. The cogeneration facility uses three combustion turbines powered by natural gas to produce electric energy and thermal energy, which could be harnessed to produce steam. The arrangement between Gulf Power and Air Products was mutually beneficial: Air Products received electric and thermal energy, and Gulf Power generated additional electricity and could sell to third parties, subject to the first right held by Air Products, any unused thermal energy.

The agreement contained reciprocal duties. The agreement required Air Products to purchase "all of [its] requirements for electricity for at least the first 30

2

megawatts of actual electric demand" from Gulf Power. Air Products also was required to provide natural gas to "operate the Cogeneration Facility." "In return for" the natural gas "and payment of [a] Cogeneration Services Charge," Air Products was "entitled to the first right to all thermal energy output" to "produc[e] steam for [its] use or other disposal[,]" and the "option to provide additional volumes of natural gas to the Cogeneration Facility . . . to increase the amount of steam . . . for [its] use or other disposal." In 2006, Air Products assigned its interest in the agreement to Taminco.

In January 2008, Taminco notified Gulf Power that it no longer wanted to exercise its first right to all thermal energy and intended to terminate payment of the cogeneration services charge. Gulf Power responded that Taminco was obligated to pay the charge for the term of the agreement.

Taminco filed a complaint for a declaratory judgment that it was not obligated to pay Gulf Power the cogeneration services charge. Taminco alleged that payment of the charge was "optional at [its] discretion." Both Taminco and Gulf Power moved for summary judgment and alleged that the unambiguous language of the agreement supported their respective positions.

The district court granted summary judgment in favor of Gulf Power. The district court ruled that Taminco could decline to exercise its first right to thermal

3

energy, but it did not have the right to terminate its payment of the cogeneration services charge. The district court based its decision on four provisions of the agreement: article 8.1, which stated that the charge was "determined monthly"; article 15, which provided that the agreement was "in full force and effect" for twenty years; article 3.9, which delineated what circumstances allowed Taminco to terminate the agreement; and article 10, which excluded from the definition of force majeure "changes in the . . . operations."

## II. STANDARDS OF REVIEW

We review the grant of a motion for summary judgment de novo and view the evidence in the light most favorable to the party that opposes the motion. Cotton v. Cracker Barrel Old Country Store, Inc., 434 F.3d 1227, 1230 (11th Cir. 2006). Summary judgment should be entered where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## III. DISCUSSION

Taminco argues that the district court misinterpreted the cogeneration and energy services agreement. Taminco contends that the plain language of the agreement establishes that it is not obligated to pay Gulf Power the cogeneration service charge. We disagree.

4

Under Florida law, which the parties agree applies to this appeal, a court determines the meaning of a contract based on "a general view of the whole writing, with all of its parts being compared, used, and construed, each with reference to the others." Paddock v. Bay Concrete Indus., Inc., 154 So. 2d 313, 315 (Fla. Dist. Ct. App. 1963). The language of those provisions "'must be given [their] plain meaning.'" Waksman Enters., Inc. v. Oregon Props., Inc., 862 So. 2d 35, 40 (Fla. Dist. Ct. App. 2003) (quoting Interfirst Fed. Sav. Bank v. Burke, 672 So. 2d 90, 92 (Fla. Dist. Ct. App. 1996)). "It is not within the power of a court to make a contract for the parties, and an unambiguous agreement must be enforced in accordance with its terms." Paddock, 154 So. 2d at 316.

The cogeneration and energy services agreement granted to Taminco a right of first refusal. Taminco refers interchangeably to the right as one of first refusal and as an option, but there is a marked difference between the two rights. See Steinberg v. Sachs, 837 So. 2d 503, 505 (Fla. Dist. Ct. App. 2003) (distinguishing between a right of first refusal and an option); Coastal Bay Golf Club, Inc. v. Holbein, 231 So. 2d 854, 857 (Fla. Dist. Ct. App. 1970) (same). An option is an offer made irrevocable based on some consideration and when extended must be accepted and performed within the time specified and according to the terms of the offer. 25 Richard A. Lord, Williston on Contracts, § 67.85 (4th ed. 2002). A right

of first refusal is conditioned on the decision of the offeror to sell and "has no binding effect" until the good or service becomes available, at which point the offeror must extend to the offeree the first opportunity to purchase. Id.

Gulf Power extended to Taminco a continuous right of first refusal of thermal energy produced by the cogeneration facility. Taminco's right to first refusal is based on its supply of natural gas to the facility and the payment of the cogeneration services charge. Although Taminco can accept or decline to exercise its right of first refusal, the agreement establishes that the precondition to pay the charge is mandatory.

The agreement requires Taminco to make a monthly payment comprised of the charge reduced by available credits based on five provisions of the agreement: article 8.1, which defines the charge; article 2.2, which outlines Taminco's rights for payment of the charge; article 8.5, which discusses the separation of insurance from the "monthly CSC"; and articles 3.8 and 7.4, which allow adjustments to the charge. Taminco argues that two provisions, articles 8.1 and 2.2, establish that payment of the charge is optional, but that argument is inconsistent with the plain language of the agreement. Taminco relies on language in article 2.2 that grants it the "first right to all thermal energy output of the combustion turbines" for payment of the charge, but Taminco disregards that the right of first refusal and

6

payment of the charge are tied to an ongoing duty to "supply . . . fuel required to operate the Cogeneration Facility." Taminco argues that article 8.1 conditions "the first right to all thermal energy output from the Cogeneration Facility" on payment of the charge, but Taminco glosses over language that the charge is "determined monthly for each month" according to a formula and in an amount that "shall not be less than zero." Article 7.4 grants Taminco an adjustment to the charge "otherwise applicable for that month pursuant to section 8.1" for sales by Gulf Power to third parties. Article 8.5 "unbundles" from the charge the cost of insurance to minimize and stabilize Taminco's "monthly expense." If the cogeneration facility fails to produce sufficient thermal energy, Taminco is entitled under article 3.8 to a "retroactive adjustment to the cumulative [charge] paid" and a "refund[]" for overpayment.

## IV. CONCLUSION

The summary judgment in favor of Gulf Power is **AFFIRMED**.