SAWAYA, J.
We answer a question certified by the Brevard County Court as a matter of great public importance.[1] The query posed is
[wjhether an addendum, providing for liquidated damages or an early termination fee, as provided in the rental agreement, in the form set forth in § 83.595(4), Fla. Stat., constitutes a valid, binding obligation, where the parties’ lease, in the form approved by the Florida Supreme Court and The Florida Bar, omits any reference to liquidated damages or an early termination fee.
The county court answered “No,” concluding that in addition to the provision of liquidated damages in the addendum, the lease must also include a similar provision, and if it does not, the provision in the addendum is unenforceable. As indicated *1123 in the certified question, the parties in this case utilized the lease form approved by the Florida Supreme Court,[2] which omits any reference to liquidated damages upon early termination. Certification is premised on the belief, expressed by the county court in the judgment under review, that the widespread use of these forms presents a persistent problem when adden-dums are executed that make provision for liquidated damages when the lease itself contains no such provision. Considering the problem to be a matter of great public importance, the case was directed to us for review. Having accepted review, we arrive at a different answer. We alert the reader that because the answer derives from analysis of pertinent clauses in the lease agreement between the parties and statutory provisions, quotation from those sources will be prevalent in this opinion.
This appeal emanates from a residential lease dispute between the landlord, Raissa Wilson, and the tenant, William Terwillinger. At the time the lease agreement was signed by the parties, Terwillinger and Wilson also executed an addendum to the lease entitled “Early Termination Fee/Liquidated Damages Addendum,” which provided two options: acceptance of the liquidated damages or early termination fee provision; or disagreement with the liquidated damages or early termination fee provision and acknowledgement that the landlord may seek damages as provided by law in the event of a breach. Terwillinger (and Wilson) chose the first option, which specifically provides:
I agree, as provided in the rental agreement, to pay $4,500 (an amount that does not exceed two months’ rent) as liquidated damages or an early termination fee if I elect to terminate the rental agreement and the landlord waives the right to seek additional rent beyond the month in which the landlord retakes possession.
Although the provisions in the body of the lease do not include this remedy, the addendum is attached to the lease.
The dispute erupted when Terwillinger sent Wilson a notice stating that “[w]e will be exercising the termination clause per the current, and legally binding, lease, as well as the current tenant/landlord laws and statutes.” The notice further stated that payment would be made on the last day of the lease and not as specified by Wilson. This notice is an obvious reference to the liquidated damages provision in the addendum, which apparently Terwil-linger considered a part of the lease. In any event, Terwillinger did not pay the liquidated damages fee, so Wilson filed suit alleging that Terwillinger vacated the premises in violation of the provisions of the lease. She sought the remedy of liquidated damages pursuant to the addendum and asked that the security deposit held by her be applied as partial satisfaction of the liquidated damages amount. The county court held that the remedy of liquidated damages was not available to Wilson for the reasons previously explained and entered judgment in favor of Terwillinger. We believe that the remedy was available to Wilson.
The Florida Residential Landlord and Tenant Act[3] provides a choice of remedies a landlord may seek when the tenant abandons or surrenders the premises in breach of the lease agreement. Those remedies *1124 are found in section 83.595, Florida Statutes (2012), and include the option of imposing liquidated damages in a stated amount that does not exceed the total of two months’ rent. § 83.595(4), Fla. Stat. (2012). Highlighting the provisions most pertinent to our discussion, the statute provides that the landlord may:
Charge liquidated damages, as provided in the rental agreement, or an early termination fee to the tenant if the landlord and tenant have agreed to liquidated damages or an early termination fee, if the amount does not exceed 2 months’ rent, and if, in the case of an early termination fee, the tenant is required to give no more than 60 days’ notice, as provided in the rental agreement, prior to the proposed date of early termination. This remedy is available only if the tenant and the landlord, at the time the rental agreement was made, indicated acceptance of liquidated damages or an early termination fee. The tenant must indicate acceptance of liquidated damages or an early termination fee by signing a separate addendum to the rental agreement containing a provision in substantially the following form:
[) I agree, as provided in the rental agreement, to pay $_ (an amount that does not exceed 2 months’ rent) as liquidated damages or an early termination fee if I elect to terminate the rental agreement, and the landlord waives the right to seek additional rent beyond the month in which the landlord retakes possession.
[ ] I do not agree to liquidated damages or an early termination fee, and I acknowledge that the landlord may seek damages as provided by law.
Id. (emphasis added). Thus, in order to avail themselves of this particular remedy, landlords must obtain from the tenant an executed addendum to the lease agreement wherein the landlord and tenant choose the liquidated damages remedy.
The stated rationale for the county court’s answer to the certified question is founded on the specific provision in the addendum “as provided in the rental agreement.” Since this language derives from section 83.595(4), the county court concluded that the provision is statutorily mandated and if the lease agreement does not provide a liquidated damages provision, then a provision in an addendum to the lease is necessarily invalid.
We reject this rationale and the conclusion upon which it is based. Remember that the addendum was signed by Terwillinger at the same time the lease agreement was signed, so both were executed as part of the same transaction. “The law is well established that two or more documents executed by the same parties, at or near the same time, and concerning the same transaction or subject matter are generally construed together as a single contract.” Citicorp Real Estate, Inc. v. Ameripalms 6B GP, Inc., 633 So.2d 47, 49 (Fla. 3d DCA 1994) (citations omitted). This rule bears the moniker “contemporaneous instrument rule,” Popwell v. Abel, 226 So.2d 418, 421 (Fla. 4th DCA 1969);[4] its origins are of rather ancient vintage, see, e.g., Taylor v. Am. Nat’l Bank of Pensacola, 63 Fla. 631, 57 So. 678, 685 (1912); and it has been consistently applied by this court and others since its inception. See Leon F. Cohn, M.D., P.A. v. Visual Health & Surgical Ctr., Inc., 125 So.3d 860, 863 (Fla. 4th DCA 2013); Whitley v. Royal Trails Prop. Owners’ Ass’n, Inc., 910 So.2d 381, 383 (Fla. 5th DCA 2005); Mnemonics, Inc. v. Max Davis Assocs., Inc., 808 So.2d 1278, *1125 1280 (Fla. 5th DCA 2002) (“In reviewing the ... transaction, we view the lease agreement, maintenance agreement, and equipment acquisition agreement as one integrated document because they were executed by the same parties at or about the same time and concern the same transaction or subject matter. When an agreement between the parties consists of several instruments executed by them at or near the same time and concern the same transaction or subject matter, they are generally construed together as a single contract.” (citation omitted)); Courtesy Auto Grp., Inc. v. Garcia, 778 So.2d 1000, 1002 (Fla. 5th DCA 2000) (same); Collins v. Citrus Nat’l Bank, 641 So.2d 458, 459 (Fla. 5th DCA 1994) (same). A principle similar to the one embodied in the contemporaneous instrument rule has been incorporated into the provisions of section 83.595(4), which states that the liquidated damages remedy “is available only if the tenant and the landlord, at the time the rental agreement was made, indicated acceptance of liquidated damages or an early termination fee.” § 83.595(4), Fla. Stat. (2012).
We believe that when Terwillinger and Wilson executed the lease and the addendum at the same time and as part of the same transaction, they intended the addendum and its provision for liquidated damages to be a part of the lease, thus sufficiently complying with the statutory provision “as provided in the rental agreement.” Id. Parenthetically, we note that the lease agreement states that the addendum is page seven of seven pages, indicating that the lease agreement consists of seven pages including the addendum, thus lending further support to the conclusion that the parties intended the addendum to be a part of the lease. We, therefore, think it would be superfluous to require that the lease repeat the provision included in the addendum when both documents are read together as one encompassing instrument.
We answer the question presented by holding that when a tenant and the landlord execute an addendum choosing the remedy of liquidated damages or an early termination fee pursuant to section 83.595, the remedy is enforceable if the addendum is executed at the same time as the lease (which does not make provision for the remedy) as part of the same transaction.[5] Terwillinger chose his remedy with his eyes wide open and his gaze intently fixed upon the liquidated damages provision in the addendum he signed. He should not be relieved of the consequences of his choice because he did not gaze upon it twice when there is nothing to indicate that once was not enough. We, therefore, reverse the judgment under review and remand this case to the county court to enter judgment in favor of Wilson in the amount of $4,500, minus the amount of the security deposit Terwillinger previously paid Wilson.
REVERSED and REMANDED.
TORPY, C.J., and BERGER, J., concur.

. This court’s jurisdiction derives from rules 9.030(b)(4)(A) and 9.160, Florida Rules of Appellate Procedure. Wilson filed a timely notice of appeal with the circuit court, which ordered that the case be transferred to this court.

. See In Re Revisions to Simplified Forms Pursuant to Rule 10-2.1 (A) of Rules Regulating The Fla. Bar, 50 So.3d 503, 503-11, 523-24 (Fla.2010) (setting forth the form contract without passing on its legal correctness).

. §§ 83.40-682, Fla. Stat. (2012).

. See also City of Miami Beach v. Carner, 579 So.2d 248, 252 (Fla. 3d DCA 1991).

. Of course, this holding assumes that the other provisions of the statute are complied with, including provisions relating to the sixty-day notice requirement and the amount of damages and fees.