DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEEPAK RAJ,**
Appellant,

v.

**BRETT SUTHERLIN,** as Personal Representative of the Estate of George
A. Sutherlin, and **NADEEN S. HORAK,** as Personal Representative of the
Estate of Gloria G. Stuart,
Appellees.

No. 4D2024-3333

[January 7, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit,
Indian River County; Cynthia L. Cox, Judge; L.T. Case No.
312022CA000822.

Aaron V. Johnson and John A. Moragues of Collins Brown Barkett,
Chartered, Vero Beach, for appellant.

Matthew J. McGuane of Levine Kellogg Lehman Schneider + Grossman,
LLP, Miami, for appellee Brett Sutherlin.

Gregory R. Elder of Law Offices of Gregory R. Elder, PLLC, Boca Raton,
for appellee Nadeen S. Horak.

LEVINE, J.

Appellee Gloria Stuart sold a parcel of property to appellant Deepak
Raj. Stuart also agreed, by addendum, to grant Raj a right of first refusal
to purchase another parcel of property, adjacent to the first parcel.
Approximately sixteen years later, Stuart sold that adjacent property to
appellee George Sutherlin. Raj filed suit against appellees, seeking to
enforce his right of first refusal. The trial court found the right of first
refusal was unenforceable due to a lack of separate or additional
consideration. We find that the law does not necessarily require that the
consideration be separate and distinct. As such, we grant the remedy
requested by Raj and reverse and remand for further proceedings.

Stuart owned two adjacent parcels, the "1860 property" and the "1850

property."  Raj offered to purchase the 1860 property for $6,100,000. Stuart did not accept the offer and instead agreed to a purchase price of $6,400,000.  Raj and Stuart separately signed a document entitled "COUNTER OFFER" on March 3, 2005, and April 1, 2005.  The agreement had an effective date of March 3, 2005.

During the same period of time, and specifically on February 28, 2005, and April 1, 2005, Raj and Stuart executed a separate addendum that granted Raj a right of first refusal to purchase the adjacent parcel, the 1850 property.  The addendum began by referencing the contract between Raj and Stuart concerning the 1860 property.  The addendum then stated that the parties "make the following terms and conditions part of the Contract":

> Seller agrees that, as of the Effective Date of this contract and continuing subsequent to closing, Buyer shall have a right of first refusal to purchase Seller's property adjoining this property to the North, said property described on Exhibit "B" attached hereto and being located at 1850 Highway A1A South.  If Seller receives an acceptable bona fide offer to purchase the property, Seller shall give Buyer notice of the terms of the same and Buyer shall have ten business days from receipt of the notice from Seller within which to exercise Buyer's right of first refusal by execution and delivery to Seller of a contract on the same terms and conditions as the bona fide offer, including payment of escrow deposit as set forth in the bona fide offer.  At closing, Seller agrees to execute a document evidencing the right of first refusal, which Buyer may record in the public records.

The addendum attached legal descriptions of both properties.

In May 2005, Stuart and Raj signed a document entitled "Notice of Right of First Refusal," which was then recorded in the public records.  The notice stated that Stuart "granted [to Raj], for valuable consideration offered and accepted," the right of first refusal to purchase the 1850 property.

In Raj's deposition, when questioned about consideration for the right of first refusal, he stated as follows:

> Q.  Going back to the what we've all agreed is the right of first refusal provision in this Addendum to Contract that I'm now showing you on the screen, did you pay any additional

2

money for this right of first refusal related to the 1850 property?

A. No. **That would be part of the contract that we signed**.

Q. How much of the purchase price was for the right of first refusal?

A. I have no idea, but it was—there was no addition payment made, and **it was part of the contract**.

Q. So there was no additional separated payment for this right of first refusal? Is that your testimony?

A. That is my recollection, yes.

(emphasis added).

In 2021, Stuart sold the adjacent parcel, the 1850 property, to Sutherlin for $4,750,000. The sale and purchase contract with Sutherlin did not contain any reference to Raj's right of first refusal.

In 2022, Sutherlin's estate filed an amended complaint stating claims for declaratory judgment against Raj concerning the alleged right of first refusal, quiet title against Raj, and breach of warranty deed against Stuart. Raj filed amended counterclaims and crossclaims against Sutherlin and Stuart for specific performance, declaratory action, and quiet title. Raj also alleged breach of contract against Stuart.

Sutherlin filed an answer and affirmative defenses, alleging (1) the right of first refusal was unenforceable due to lack of consideration, (2) Raj did not timely exercise his right of first refusal after Stuart provided notice to Raj, and (3) the claims were time-barred under the applicable one-year statute of limitations. Sutherlin moved for summary judgment against Raj based on these same three arguments. Stuart also moved for summary judgment based on failure to timely exercise the right of first refusal and the statute of limitations, but did not raise lack of consideration.

Raj did not move for summary judgment. Instead, Raj filed a response arguing that there was consideration because the right of first refusal was "part of the Contract" and that no additional consideration was required. Raj disputed that he had received notice and argued that his claims were not time-barred because he had filed his counterclaims within one year of

discovering the breach.

The trial court entered summary judgment in favor of Sutherlin on all claims and counterclaims, finding that Raj's alleged right of first refusal was unenforceable for lack of consideration. The trial court stated:

> In this case, the black letter of the 2005 real estate contract between [Stuart] and Raj for the sale of 1860, even with the "addendum" for the right of first refusal for [R]aj to purchase 1850, shows no consideration given by Raj for the right of first refusal. That contract specifies that the consideration paid by Raj was only for his purchase of 1860. There is no language in that contract or the addendum allocating any of the money to be paid by Raj as consideration for the right of first refusal, nor is there otherwise any evidence of consideration given by Raj for the right of first refusal. Even if the 2005 contract could possibly be considered "ambiguous" on this point, Raj's own deposition testimony establishes that all of the money he paid was for his purchase of 1860; there was no consideration paid for the right of first refusal option.

The trial court recognized that its ruling on Sutherlin's motion inured to the Stuart estate's benefit as well. Accordingly, the trial court also granted summary judgment in favor of Stuart's estate on the ground of lack of consideration. The trial court denied summary judgment on the other two grounds of failure to timely exercise the right of first refusal after notice and failure to comply with the statute of limitations.

Raj moved for reconsideration, arguing that the right of first refusal was included in the sales price and that the consideration did not need to be separate from the underlying real estate contract. Additionally, the recorded right of first refusal stated it was for "valuable consideration, offered and accepted." The trial court denied the motion for reconsideration, stating:

> [T]he clear and unambiguous terms of the Contract for Sale and Purchase executed by Raj as buyer and Gloria Stuart as seller stated a price of $6.4 million for the 1860 property, and only the 1860 property. (Contract for Sale and Purchase, parts I and II.) Notably, Part I includes a provision, "Other items included are . . ." followed by a space in which other items — such as the right of first refusal on the 1850 property — could have been included. Yet, that portion only references the washer and dryer for the 1860 property. The addendum

4

itself contains no language designating any portion of the $6.4 million as having been consideration for the right of first refusal. The Court has no basis for considering parol evidence to interpret the meaning of the Contract for Sale and Purchase and the Addendum.

On appeal, Raj argues the trial court erred in granting summary judgment because the record reflects that he gave consideration for the right of first refusal. Raj further argues that Florida law does not require separately allocated consideration. Raj asks this court to reverse summary judgment and "remand for a merit-based factual determination."

The standard of review for an order granting summary judgment is de novo. *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

"A right of first refusal is a right to elect to take specified property at the same price and on the same terms and conditions as those continued in good faith offer by a third person if the owner manifests a willingness to accept the offer." *Steinberg v. Sachs*, 837 So. 2d 503, 505 (Fla. 3d DCA 2003) (citation omitted). A contractual right of first refusal must be supported by consideration to be enforceable. *See Sherman v. Lynch*, 242 So. 2d 799, 800 (Fla. 3d DCA 1970).

We find the trial court erred in granting summary judgment because it misapplied the law in finding that consideration for the right of first refusal must be separately allocated. The trial court found no separately allocated consideration in the contract for sale and purchase or in the addendum. However, the addendum, which contained the right of first refusal for the 1850 property, incorporated by reference the contract for sale and purchase of the 1860 property. The addendum began by specifically referencing the sale and purchase contract between Raj and Stuart for the 1860 property. The addendum then expressly stated that Stuart and Raj made the right of first refusal to purchase the adjacent 1850 property "part of the Contract" for the sale and purchase of the 1860 property. The last signature on both the "counter offer" and addendum was the same date of April 1, 2005. "The law is well established that two or more documents executed by the same parties, at or near the same time, and concerning the same transaction or subject matter are generally construed together as a single contract." *Wilson v. Terwillinger*, 140 So. 3d 1122, 1124 (Fla. 5th DCA 2014) (citation omitted).

Because the addendum was part of the sale and purchase contract, the $6,400,000 paid by Raj could be consideration covering both the purchase of the 1860 property and the right of first refusal to purchase the adjacent 1850 property. Thus, no separate consideration would have been needed. This conclusion is further supported by the fact that in May 2005, Stuart and Raj signed a document entitled "Notice of Right of First Refusal," which was then recorded in the public records. The notice stated that Stuart "granted [to Raj], for valuable consideration offered and accepted," the right of first refusal to purchase the 1850 property.

In finding a lack of consideration, the trial court also relied, in part, on Raj's deposition. The trial court emphasized portions of the testimony wherein Raj agreed that he did not "pay any additional money for this right of first refusal" and that there was "no addition[al] payment made." However, Raj also clarified these answers by explaining that he did not pay any additional money because "[t]hat would be part of the contract that we signed." When further questioned, Raj again repeated that there was no additional payment because "it was part of the contract." The trial court did not address these statements.

In discussing whether separate consideration is required, the parties all rely on *Steinberg*, 837 So. 2d 503. Raj argues this case stands for the proposition that the absence of separately allocated consideration is not fatal, while the appellees argue *Steinberg* illustrates that separate consideration is required. In *Steinberg*, Sachs sold stock to Steinberg with the option of repurchasing the stock within two years. *Id.* at 504. More than two years later, Sachs attempted to repurchase the stock. *Id.* Steinberg nevertheless agreed to sell the stock to Sachs for $42,500 with the condition that Steinberg retained a right of refusal to repurchase the stock should Sachs decide to resell it in the future. *Id.* Steinberg filed suit after learning Sachs had sold the stock without giving Steinberg the opportunity to exercise his right of first refusal. *Id.* at 504-05. The trial court concluded that the right of first refusal was invalid due to the lack of consideration on the part of Steinberg. *Id.* at 505. The Third District reversed, finding that the new consideration was the purchase price of $42,500 plus the right of first refusal.

Thus, in *Steinberg* the consideration included both the purchase price of the stock plus the right of first refusal. Like in *Steinberg*, here the consideration could be the purchase price of the 1860 property plus the right of first refusal as to the adjacent 1850 property. The only difference between *Steinberg* and the instant case is that here the right of first refusal pertained to a different parcel of property, whereas the right of first refusal

6

in *Steinberg* involved the same stock. However, nothing in *Steinberg* suggests that the property at issue must be the exact same property for consideration to be valid. In other words, the sale property need not be the same as the right of first refusal property. *See also* 3 Williston on Contracts § 7:54 (4th ed.) (recognizing the rule that "one consideration may support several promises," for example "in a sale with a warranty" or "where a business is sold for an agreed price . . . and the seller further promises not to engage in competition with the buyer"); *Texaco, Inc. v. Giltak Corp.,* 492 So. 2d 812, 814 (Fla. 1st DCA 1986) ("When principal and guaranty contracts are executed as part of the same transaction, the consideration supporting the principal contract also supports the guaranty.").

Stuart's estate argues that under the tipsy coachman rule, this court can affirm because (1) Raj failed to timely exercise his right of first refusal, and (2) Raj's specific performance claim is time-barred. However, the trial court specifically denied summary judgment on these grounds, finding that "deficiencies in the record" and "undeveloped factual circumstances" precluded the court from determining whether written notice was given to Raj and when the one-year statute of limitations was triggered. Based on the undeveloped record, we are unable to apply the tipsy coachman doctrine. *See State Farm Fire & Cas. Co. v. Levine,* 837 So. 2d 363, 365 (Fla. 2002) ("[T]he key to applying the tipsy coachman doctrine is that the record before the trial court must support the alternative theory or principle of law. On that basis, the doctrine cannot be applied in this case because the record does not provide an adequate basis for us to reach such materiality conclusion as a pure matter of law.") (citations omitted).

In conclusion, the trial court erred in granting summary judgment because the law does not require that consideration for a right of first refusal be separate and distinct from the contract for sale and purchase. Thus, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded for further proceedings.*

GERBER and KLINGENSMITH, JJ., concur.

\*          \*          \*

***Not final until disposition of timely-filed motion for rehearing.***

7