876 So.2d 1220 (2004)
5th AVENUE REAL ESTATE DEVELOPMENT, INC., a Florida corporation, and Willis Hale, Appellants,
v.
AEACUS REAL ESTATE LIMITED PARTNERSHIP, a Jersey Channel Islands limited partnership, Appellee.
No. 4D03-1520.
District Court of Appeal of Florida, Fourth District.
June 9, 2004.
James S. Telepman of Cohen, Norris, Scherer, Weinberger & Wolmer, North Palm Beach, for appellants.
Norman L. Schroeder, II of Norman L. Schroeder, II, P.A., Lake Worth, for appellee.
PER CURIAM.
Appellants, 5th Avenue Real Estate Development, Inc. ("5th Avenue") and Willis Hale, appeal the trial court's entry of a Final Summary Judgment of Foreclosure and Final Summary Judgment on Guarantee of Notes. Because we find that there are issues of material fact, we reverse and remand.
This case began as an action by the Appellee, Aeacus Real Estate Limited Partnership ("Aeacus"), against 5th Avenue and Willis Hale, the vice president of 5th Avenue, to foreclose a mortgage that 5th Avenue executed and to collect on two promissory notes. On July 9, 1999, Aeacus and 5th Avenue executed a promissory note in the amount of $980,000. Aeacus was the obligee on the note and 5th Avenue was the obligor. This promissory note was secured by a mortgage where Aeacus was the mortgagee and 5th Avenue was *1221 the mortgagor. The mortgage, also executed on July 9, 1999, was on property known as 1450 South Dixie Highway, Boca Raton, Florida. Another promissory note was also executed on the same day for $355,000 on which Aeacus was the obligee and 5th Avenue was the obligor. This $355,000 note was not secured by the mortgage. However, this note would later become secured by the mortgage in an agreement entered into by Aeacus and 5th Avenue entitled "Stipulation For Settlement and Modification of Mortgage" ("Settlement Agreement"). Both notes were personally guaranteed by Hale.
Paragraph five of the Settlement Agreement states:
Upon execution and delivery of this Agreement, and upon payment of the amount described in paragraph 1. above, AEACUS shall suspend its pursuit of the legal proceedings described herein. In the event of any default under this Agreement, AEACUS shall be entitled to the immediate entry of a final judgment of foreclosure, and a final judgment on the guaranties. 5TH AVENUE and WILLIS HALE, as part of the consideration passing to AEACUS under this Agreement, hereby waive all defenses, affirmative defenses, counterclaims, or other such matters asserted in the legal proceedings described above, or in any manner existing as of the date of execution and delivery of this Agreement. Notwithstanding the terms of this section # 5, 5th Av. And Willis Hale will be entitled to a 30 day curing period prior to entry of judgment of foreclosure or final judgment on the guaranties.
After Aeacus and 5th Avenue entered into the Settlement Agreement, Aeacus filed a motion for summary judgment against 5th Avenue and Hale. Aeacus also filed affidavits with the motion for summary judgment which alleged that the Appellants defaulted under the Settlement Agreement and that Aeacus gave the Appellants the requisite thirty days to cure. Aeacus then filed a Motion for Approval of Stipulation for Settlement and Modification of Mortgage. The trial court granted the Motion for Approval of Stipulation for Settlement and Modification of Mortgage on March 3, 2003 and on March 19, 2003, the trial court issued its Final Summary Judgment of Foreclosure and Final Summary Judgment on Guarantee of Notes. The Appellants now appeal the trial court's summary judgment.
The standard of review for an order granting summary judgment is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Id. Here, the Appellants appealed several points relating to the trial court's summary judgment; however, we reverse on only one issue relating to the thirty day cure period.
In reviewing a summary judgment, this court "must consider the evidence contained in the record, including any supporting affidavits, in the light most favorable to the non-moving party ... and if the slightest doubt exists, the summary judgment must be reversed." Krol v. City of Orlando, 778 So.2d 490, 492 (Fla. 5th DCA 2001) (citing Sierra v. Shevin, 767 So.2d 524 (Fla. 3d DCA 2000)). In this case, as quoted above, the Settlement Agreement stated that "[n]otwithstanding the terms of this section # 5, 5th Av. And Willis Hale will be entitled to a 30 day curing period prior to entry of judgment of foreclosure or final judgment on the guaranties." In Hale's affidavit attached to 5th Avenue's Opposition to Plaintiff's Motion for Final Summary Judgment Against Defendants 5th Avenue Real Estate Development, Inc. And Willis Hale, Hale states *1222 that he "never received a notice of default from Plaintiff, and as a result of Plaintiff's failure to communicate notice of default, he was unaware that the grace period to cure the event of default had been triggered." In contrast, Aeacus specifically alleged in its affidavit that the Appellants were notified of their default and given thirty days to cure this default. As this right to cure had to be satisfied before entry of a final judgment, and there is a dispute about whether the Appellants knew that the thirty-day cure period was in effect, there still exists a genuine issue of material fact. Thus, summary judgment was improper on this point.
Accordingly, we reverse the trial court's order for summary judgment and remand for proceedings consistent with this opinion.
REVERSED and REMANDED.
GUNTHER, STEVENSON, and TAYLOR, JJ., concur.