FARMER, J.
This case now returns to us after our remand on the prior appeal. 5th Avenue, Real Estate Development, Inc. v. Aeacus Real Estate Ltd. P’ship, 876 So.2d 1220 (Fla. 4th DCA 2004). There we reviewed a summary judgment of foreclosure resulting after a settlement agreement. We reversed the judgment as premature, concluding that the record did not show conclusively that the mortgagee had given the 30 days notice of the application for judgment required by the settlement agreement.
On remand, the trial judge found after a hearing that such notice as had been given before the first appeal did not conform to the settlement agreement. As a result of that determination, the mortgagee restarted the foreclosure proceedings with a new complaint. It sought a judgment based on the settlement agreement’s provision specifying the principal amounts due, along with accrued interest at the agreed rate through the date of entry of a summary judgment. To comply with the notice provision, the mortgagee requested that the court enter an order allowing debtors one final period of 30 days to cure the defaults before the entry of judgment. The debtors resisted, asking that the trial court instead enter judgment that any foreclosure was now barred by res judicata — that the trial court’s finding on remand that notice had not been properly given barred any future foreclosure and money judgment on the underlying personal guarantees. The trial court agreed and entered such a judgment for the debtors. We now reverse and remand for the entry of a final judgment of foreclosure as well as a money judgment on the personal guarantees.
The debtors misread the legal effect of the trial court’s determination after remand that the notice provision had not been satisfied when the initial summary judgment was granted and appealed. Nothing in that settlement agreement or in our opinion suggests — much less clearly states — that the mortgagee had only that single attempt to comply with the notice provision of the settlement agreement. Indeed, the clear meaning and purpose of the notice provision was to give the defaulting debtors just one concluding opportunity to cure their admitted defaults under the notes and mortgages. The latest attempt to foreclose the mortgage, filed February 2005, contained a recitation of notice that was more than sufficient to *836 comply ■with the settlement agreement. Truth be told, what was conceived by their agreement as one final chance to pay has now lengthened into 18 months more of nonpayment (not to mention the period from the execution of the settlement agreement itself). In spite of having had more than 3 years to correct defaults already old when the original foreclosure was filed, the record fails to disclose that debtors have ever made any tender of the payment required by the mortgage and settlement.
Under these circumstances, it would be quite inappropriate to apply res judicata here. Nothing in our prior opinion explicitly barred the mortgagee from giving a fresh 30-day notice and, if no cure followed timely, then seeking a foreclosure and judgment. Indeed it is a fair implication of our opinion that, upon giving such notice anew, the mortgagee would be entitled to a foreclosure judgment. As this was in fact our actual intent, it would be profoundly unfair to hold that only the original failed attempt at giving notice was tolerated by the settlement agreement and, it having failed, the mortgagee is forever barred from resorting to its security for the debt.
Res judicata is an equitable doctrine, not to be invoked where it will inflict pernicious results. See State v. McBride, 848 So.2d 287, 291 (Fla.2003) (res judicata will not be invoked where it would defeat the ends of justice); deCancino v. Eastern Airlines Inc., 283 So.2d 97, 98 (Fla.1973) (same). In Universal Construction Co. v. City of Fort Lauderdale, 68 So.2d 366 (Fla.1953), the court made clear that:
“when a choice must be made we apprehend that the State, as well as the courts, is more interested in the fair and proper administration of justice than in rigidly applying a fiction of the law designed to terminate litigation.”
68 So.2d at 369. Foreclosures of mortgag-r es are done in equity. As the court strove to emphasize in Universal Construction, the dominant equity is that it is not fair or just that these debtors should be so enriched at appellant’s expense. Id. Nor, for that matter, should the mortgagee be any longer delayed.
On remand this time no further notice need be required, for the one contemplated by the settlement agreement has been given to a long fare-thee-well. The trial court will understandably want to afford a hearing to the parties to calculate the various sums necessarily included in any judgment of foreclosure.

Reversed for consistent proceedings.

GUNTHER, J., and DAMOORGIAN, DORIAN, Associate Judge, concur.