962 So.2d 928 (2007)
J. LYNN CONSTRUCTION, INC., a Florida corporation, Appellant,
v.
The FAIRWAYS AT BOCA GOLF & TENNIS CONDOMINIUM ASSOCIATION, INC., a Florida not for profit corporation, Appellee.
Nos. 4D06-3437, 4D06-3997.
District Court of Appeal of Florida, Fourth District.
July 5, 2007.
Rehearing Denied September 10, 2007.
*929 Daniel B. Lacesa of Fox, Wackeen, Dungey, Beard, Sobel, Bush & McCluskey, LLC, Stuart, for appellant.
Robert Rivas of Sachs & Sax, Tallahassee, for appellee.
HOROWITZ, ALFRED J., Associate Judge.
J. Lynn Roofing Contractors, Inc. (hereinafter "Lynn Roofing") contends the trial court erred in granting a partial summary judgment and final judgment in favor of The Fairways at Boca Golf & Tennis Condominium Association, Inc. (hereinafter "Fairways"). We agree.
"The standard of review for an order granting summary judgment is de novo." 5th Ave. Real Estate Dev., Inc. v. Aeacus Real Estate Ltd., 876 So.2d 1220, 1221 (Fla. 4th DCA 2004). "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). "In reviewing a summary judgment, this court `must consider the evidence contained in the record, including any supporting affidavits, in the light most favorable to the non-moving party . . . and if the slightest doubt exists, the summary judgment must be reversed.'" 5th Ave., 876 So.2d at 1221 (quoting Krol v. City of Orlando, 778 So.2d 490, 492 (Fla. 5th DCA 2001)). Additionally, the interpretation of a contract is a question of law. Khosrow Maleki, P.A. v. M.A. Hajianpour, M.D., P.A., 771 So.2d 628, 630 (Fla. 4th DCA 2000).
On November 18, 2004, Fairways entered into a written contract with Lynn Roofing for construction and repairs with respect to the condominium buildings. Pursuant to paragraph 16 of the contract, Lynn Roofing was to obtain a performance bond covering contract compliance. Lynn Roofing applied for and attempted to obtain the performance bond prior to commencing work; however, due to collateralization requirements, obtaining the bond became impractical.
As a result of this difficulty in obtaining the performance bond, counsel for both Lynn Roofing and the association negotiated an alternative course of conduct. Specifically, the association agreed to accept a personal guaranty by Lynn Roofing's president, as well as a modified payment schedule which favored the association, in lieu of the performance bond requirement. This understanding was memorialized in correspondence dated December 22, 2004, from counsel for the association to Lynn Roofing's counsel, confirming that, pursuant to recent negotiations, the association had agreed to accept the personal guaranty and modified payment schedule in lieu of the performance bond requirement in paragraph 16 of the contract. Enclosed with this correspondence was an addendum to be signed by Lynn Roofing, as well as the personal guaranty to be signed by Lynn Roofing's president, in her individual capacity. On December 23, Lynn Roofing's counsel faxed to the association's counsel an acknowledgement of receipt of the addendum as well as copies of purchase orders, evidencing outlays by Lynn Roofing of $23,610.90 for materials.
*930 On January 3, 2005, the signed addendum and personal guarantee were returned to counsel for the association. That same day, the association's counsel sent Lynn Roofing's counsel a letter informing them that effective December 30, 2004, the board of directors had "temporarily revoked" the acceptance of the personal guarantee and modified payment schedule set out in the December 22 letter. There is a factual dispute as to whether the signed addendum and personal guarantee were sent to and received by the association's counsel before the revocation letter was sent to and received by Lynn Roofing's counsel.[1]
On January 6, 2005, the association's counsel sent a letter to Lynn Roofing's counsel terminating the contracts. On that same date, Lynn Roofing's counsel sent a letter to the association's counsel stating that Lynn Roofing considered the contract in full force and effect pursuant to the association's acceptance of the modifications in its letter of December 22, 2004.
Lynn Roofing asserts that the December 22 letter from the association's counsel was a knowing, voluntary waiver and modification of the contract provision requiring a performance bond and that Lynn Roofing reasonably relied upon the association's acceptance of the modification to the contract. Further, Lynn Roofing contends that Section 11 of the contract which requires modifications to be in writing and signed by both parties was waived by the association and relied upon by Lynn Roofing. The association contends that the addendum and personal guarantee were not modifications of the contract which would release the requirement of the performance bond. The trial court agreed with the association, relying on the parol evidence rule in finding Section 11 of the contract was unambiguous and required all modifications to be in writing and signed by both parties.
Written contracts can be modified by subsequent oral agreement of the parties even though the written contract purports to prohibit such modification. Fid. and Deposit Co. of Md. v. Tom Murphy Constr. Co., 674 F.2d 880, 884 (11th Cir. 1982); Pan Am. Eng'g Co., Inc. v. Poncho's Constr. Co., 387 So.2d 1052, 1053 (Fla. 5th DCA 1980). In King Partitions & Drywall, Inc., v. Donner Enterprises, Inc., 464 So.2d 715, 716 (Fla. 4th DCA 1985) (quoting Prof'l Ins. Corp. v. Cahill, 90 So.2d 916, 918 (Fla.1956)), this court held:
[a] written contract . . . may be altered or modified by an oral agreement if the letter has been accepted and acted upon by the parties in such manner as would work a fraud on either party to refuse to enforce it. . . . An oral modification under these circumstances is permissible even though there was in the written contract a provision prohibiting its alteration except in writing.
Id. at 716 (citations omitted).
The trial court's reliance on the parol evidence rule in precluding evidence of waiver, estoppel and reliance, thereby finding the contract otherwise clear and unambiguous, is misplaced. "The parol evidence rule applies to verbal agreements between the parties to a written contract which are made before or at the time of execution of the contract. It does not apply to the admission of subsequent oral agreements that alter, modify, or change the former existing agreement between the parties." Pavolini v. Williams, 915 So.2d 251, 254 (Fla. 5th DCA 2005). Any change in the agreement between the association and Lynn Roofing came over a *931 month after the contract's execution. Evidence of an oral modification should have been considered by the trial court in determining the existence of any issues of material fact that may be in dispute. The issue in this case largely centers on whether or not the parties, orally or by course of conduct, modified the procedure to modify their contract. Regardless of whether there was a express oral agreement to change the modification procedure, it was the association that wrote the acceptance letter of December 22, 2004, and submitted for signature the addendum and personal guarantee to Lynn Roofing. This is certainly conduct from which waiver of the original contract provision can be inferred. Lynn Roofing should receive the benefit of such inferences.
Summary judgment is reversed and the matter remanded for further proceedings. Each party seeks the recovery of attorney fees under the prevailing party provision found within the contract, an issue that will ripen at the conclusion of this litigation. At that time, the trial court will determine the prevailing party on the significant issues. Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 809 (Fla.1992).
Reversed and remanded.
GUNTHER and FARMER, JJ., concur.
NOTES
[1] The deposited acceptance rule remains the law in Florida. A contract is complete upon deposit of the acceptance in the mail. Morrison v. Thoelke, 155 So.2d 889, 897-98 (Fla. 2d DCA 1963).