DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BK MARINE CONSTRUCTION, INC.,**
Appellant,

v.

**SKYLINE STEEL, LLC,** and **GREAT AMERICAN INSURANCE COMPANY,**
Appellees.

No. 4D16-1241

[November 1, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. CACE12030715.

Robert A. Sweetapple and Berkley S. Vitale of Sweetapple, Broeker & Varkas, PL, Boca Raton, for appellant.

Patrick G. Brugger and Michael Jay Rune II of Shutts & Bowen, LLP, Miami, for appellee Skyline Steel, LLC.

FORST, J.

Appellant BK Marine Construction, Inc. ("BKM") appeals the trial court's final summary judgment order in favor of appellee Skyline Steel, LLC ("SKY"). The trial court found that under the Rental Contract for Steel Sheet Piling ("Rental Contract"), BKM owed SKY a total sum of $776,853.27 including accrued interest. On appeal, BKM argues the trial court improperly granted summary judgment because the court granted relief greater than that pled in the amended complaint, and because genuine issues of material fact remained as to the amount of damages awarded. Finding the second argument meritorious, we reverse and remand for further proceedings consistent with this opinion.

## Background

BKM is a Florida construction company that regularly used steel sheet pilings for its construction projects, including a large endeavor called the Interstate 595 Project ("I-595 Project"). To complete the I-595 Project, BKM acquired steel sheet pilings from SKY, with which BKM had a business

relationship spanning over twenty-five years. In April 2011, BKM began receiving invoices from SKY pertaining to the I-595 Project.[1] Two months later, on June 2, 2011, BKM and SKY formally entered into the Rental Contract in which SKY agreed to rent steel sheet pilings to BKM in exchange for payments upon receipt of periodic invoices. The Rental Contract specifically referred to project "I-595, 3rd Section" and stated the agreement would become binding upon acceptance and execution of the contract or when shipments began. The Rental Contract also listed the monthly prices and specifications for steel sheet pilings, but it did not state a specific amount that would be owed by BKM to SKY. BKM continued placing orders and receiving invoices from SKY through July 2012.

One year after the creation of the Rental Contract, BKM notified SKY that it was behind on paying several invoices and outlined a plan to pay the outstanding balance of "$500,000 (+ or −)." Nearly one year later, SKY filed a complaint against BKM, alleging, in pertinent part, breach of contract and unjust enrichment. In response, BKM moved to dismiss the complaint on the grounds that "without copies of the exhibits being attached to the pleading," BKM was unable to respond to the complaint, and SKY failed to appropriately state a cause of action. SKY then amended its complaint and attached the Rental Contract, but did not attach any other contracts nor any invoices. BKM subsequently filed its answer asserting three affirmative defenses: (1) SKY's complaint failed to state a cause of action; (2) BKM had already paid the outstanding balance owed under the contract; and (3) SKY could not pursue a claim in equity (unjust enrichment), as there was an enforceable contract.

SKY ultimately moved for summary judgment. It explained that no issues of material fact remained because BKM signed the Rental Contract, SKY delivered the ordered materials, and BKM failed to pay the full amount owed under the invoices; therefore, SKY argued, it met all of the requisite elements of the breach of contract claim. SKY attached several documents to its motion. First, it attached an affidavit of indebtedness by its Chief Financial Officer, who explained that, "[b]eginning on May 10, 2011, Skyline delivered invoices to BKM under the Agreement totaling $669,583.93," and that BKM admitted in a letter that it owed "$500,000 (+ or −)." The CFO attached the letter to her affidavit. Second, SKY attached a multitude of invoices dating from April 2011 through July 2012 detailing the monthly rental agreements.

In response, BKM argued there remained genuine issues of material

---

[1] There is some evidence in the record that BKM began receiving invoices before April 2011.

fact, and filed a deposition transcript of one of SKY's corporate representatives, who appeared to be the employee at SKY most familiar with the present lawsuit. The representative testified that he knew the I-595 Project had multiple sections,[2] but he did not know which invoices pertained to which section. To figure that out, he mentioned he would have to see the installation records from the general contractors. He also explained how he did not know whether SKY was owed more than $15,000 under the Rental Contract (for "I-595, 3rd Section") attached to the amended complaint.

The trial court granted SKY's motion for summary judgment, awarding what it deemed to be the unpaid principal and interest due on the Rental Contract, a total of $776,853.27. BKM timely appealed this final summary judgment order.

## Analysis

"The standard of review for an order granting summary judgment is de novo." *Int'l Christian Fellowship, Inc. v. Vinh on Prop., Inc.*, 954 So. 2d 1214, 1215 (Fla. 4th DCA 2007) (quoting *5th Ave. Real Estate Dev., Inc. v. Aeacus Real Estate Ltd. P'ship*, 876 So. 2d 1220, 1221 (Fla. 4th DCA 2004)). "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." *Id.* (quoting *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000)). On this first requirement, "[i]f the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it." *Moore v. Morris*, 475 So. 2d 666, 668 (Fla. 1985); *see also Dellatorre v. Buca, Inc.*, 211 So. 3d 272, 273 (Fla. 4th DCA 2017) (similar).

BKM raises two issues on appeal. First, it argues that the trial court erred in its final summary judgment order by granting more damages than what SKY sought in its amended complaint. Next, it argues that myriad genuine issues of material fact remained as to the amount of damages owed under the contract sued upon. SKY disagrees. It contends that there were no genuine issues of fact regarding the amount of damages awarded, per the invoices attached to its summary judgment motion, and that it did not seek greater damages than it pled in its complaint. On this last point, SKY contends that even if there was error, that error was harmless because BKM was in possession of the invoices almost two years before

---

[2] The representative testified that he did not know if there were written contracts for the other four sections of the I-595 Project.

the filing of the motion for summary judgment, and SKY alleged an alternative unjust enrichment claim.

We find merit in BKM's second argument on appeal, and hold that the trial court erred in granting summary judgment in favor of SKY.[3] Multiple genuine issues of material fact remained below as to which of the invoices attached to the motion for summary judgment correspond to the Rental Contract attached to SKY's amended complaint. Several characteristics of the invoices suggest to us that they relate to the *whole* I-595 Project, and not merely "the 3rd Section." First, none of the invoices specify whether they relate to a designated section of the I-595 Project. Second, many of the invoices predate June 2, 2011, the date the Rental Contract was signed. As BKM rightfully notes, the first invoice was dated April 7, 2011, fifty-six days before the parties signed the Rental Contract. Further, SKY's CFO stated in an affidavit that "*[b]eginning on May 10, 2011*, Skyline delivered invoices to BKM under the Agreement totaling $669,583.93." Third, SKY's corporate representative testified during a deposition that he knew there were five sections of the I-595 Project, but he did not know if the invoices at issue pertained solely to the third section or the entire I-595 Project. Instead, he testified that the installment records, which were not used as evidence by either party, could further clarify the issue.

This uncertainty regarding which invoices correspond to which section of the I-595 Project is inextricably tied to the amount of damages SKY could seek under the Rental Contract—another material issue of fact. The SKY corporate representative admitted he did not know if more than $15,000 was due on the Rental Contract attached to the amended complaint. Due to this uncertainty in the amount of damages owed *under the Rental Contract*, we must reverse the summary judgment.

We also note SKY's alternative argument that, even if it loses on the breach of contract issue, the invoices still support its unjust enrichment claim and, therefore, the final summary judgment award. However, SKY only proceeded under the complaint for damages arising under the *third section* of the I-595 Project, whereas the unjust enrichment claim references invoices for work that predated that rental contract. "A court may not go beyond the four corners of the complaint." *Samuels v. King Motor Co. of Fort Lauderdale*, 782 So. 2d 489, 494 (Fla 4th DCA 2001) (citing *Barbado v. Green & Murphy, P.A.*, 758 So. 2d 1173, 1174 (Fla. 4th DCA 2000)). SKY made clear in its general allegations that the Rental Contract, which applied only to the third section of the I-595 Project, was the operative contract at hand. The existence of this express contract

---

[3] By way of our disposition, we need not address BKM's first argument on appeal.

4

necessarily defeated SKY's unjust enrichment claim. *See Real Estate Value Co. v. Carnival Corp.*, 92 So. 3d 255, 263 n.2 (Fla. 3d DCA 2012) ("We acknowledge the well settled principle that 'the law will not imply a contract where an express contract exists concerning the same subject matter.'" (emphasis omitted) (quoting *Kovtan v. Frederiksen*, 449 So. 2d 1, 1 (Fla. 2d DCA 1984))).

### Conclusion

Because genuine issues of material fact remain, we reverse the trial court's entry of final summary judgment. There remains uncertainty regarding which invoices pertained to which section of the I-595 Project, and by way of such uncertainty, the amount of damages SKY could obtain under the Rental Contract.

*Reversed.*

CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

5